STATE v. H. A. GOODMAN.

(Filed 29 October, 1941.)

**Gaming § 5: Criminal Law § 52b—Circumstantial evidence raising mere suspicion of guilt held insufficient to be submitted to the jury.**

Evidence that officers of the law entered defendant's house and found defendant and others seated at a table with poker chips in front of them, that one of the men had playing cards in his hand, and that numerous packs of playing cards were found in the room, although raising a suspicion of defendant's guilt, is insufficient to establish that a game of chance upon which money or other thing of value was bet was being played or had been played, and nonsuit should have been entered upon the charges of maintaining a gaming house and gambling.

APPEAL by defendant from *Clement, J.,* at April Term, 1941, of CABARRUS.

The defendant was charged in a bill of indictment with maintaining a gaming house and gambling tables wherein and whereon gambling was permitted and games of chance were played, and in a warrant from the county recorder's court with gambling, by engaging in and betting on a game of chance, namely, cards. The two charges were consolidated for the purpose of trial, and a verdict of guilty rendered on both charges. From judgments of imprisonment on each charge the defendant appealed, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*L. T. Hartsell, Sr., and Walter H. Woodson for defendant, appellant.*

SCHENCK, J. When the State had produced its evidence and rested its case, the defendant moved to dismiss the action and for a judgment of nonsuit. C. S., 4643. This motion was refused, and the defendant excepted, introduced no evidence, and upon an adverse verdict appealed to the Supreme Court.

We are constrained to sustain the assignment of error predicated upon his Honor's refusal of the defendant's motion to dismiss and for judgment of nonsuit.

The most the State's evidence tended to prove is that the defendant lived in a house in No. 5 Township of Cabarrus County, that the State's witnesses, the sheriff, the deputy sheriff and patrolmen went to said house late Sunday night, that the shades were down and the lights were burning, and they heard "one fellow say he couldn't win with two aces," that they entered the house from the rear and went into a room in which

were the defendant and others, that the defendant was sitting at a round table with a "big pile of poker chips in front of him" and that another man sitting at the table "had playing cards in his hand" and "had several poker chips in front of him," that they found a wooden box on the floor directly behind the defendant which contained thirteen packs of playing cards, and in another room of the house they found two or three other packs of cards.

This evidence may create a suspicion of the defendant's guilt, or it may be sufficient to establish the actual fact that the defendant was preparing for a game of poker, but it is insufficient to support a finding that a game of chance was actually in process of being played, or had been played, upon which money or other thing of value was bet, which was requisite to the submission of the case to the jury.

The judgment of the Superior Court is

Reversed.