## STATE v. EARL KIRKMAN.

(Filed 13 December, 1944.)

**1. Intoxicating Liquor §§ 4d, 9d—**

In a criminal prosecution for the possession of intoxicating liquor for the purpose of sale, where the evidence taken in the light most favorable to the State tended to show only that there was found in the yard of defendant's house, in which he resided with his adoptive mother, an automobile containing 42 gallons of liquor, upon which no tax had been paid, the defendant testifying that the car was not his, but was driven by a stranger, got out of order and defendant helped push it onto his premises, where it remained several days while he was away from home, and it was subsequently driven away by someone unknown to him, and the adoptive mother testifying that she did not own the automobile and did not know the owner and that she had no interest in the liquor, the refusal of defendant's motion for judgment of nonsuit, G. S., 15-173, was error.

**2. Criminal Law § 52b—**

Evidence sufficient to take the case to the jury, in a criminal action, must tend to prove the fact in issue or reasonably conduce to its conclusion as a fair, logical and legitimate deduction, and not merely such as raises a suspicion or conjecture of guilt.

APPEAL by defendant from *Olive, Special Judge,* at May Term, 1944, of GUILFORD.

On appeal from the municipal-county court of the city of Greensboro to the Superior Court of Guilford County, the defendant was tried upon a warrant charging that he "did unlawfully and wilfully have in his possession forty-two gallons of untax-paid intoxicating liquors, for the purpose of sale, contrary to the form of the statute and against the peace and dignity of the State," and a verdict of "guilty as charged" was rendered. From a judgment of imprisonment predicated on the verdict the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*Henderson & Henderson for defendant, appellant.*

SCHENCK, J. The defendant, appellant, assigns as error the refusal of his motion to dismiss the action or for a judgment of nonsuit duly lodged when the State had produced its evidence and rested its case. G. S., 15-173. The defendant offered no evidence. We are constrained to hold that the refusal of the defendant's motion was error.

Taking the evidence in the light most favorable to the State, it tends to show only that there was found in the yard surrounding the house in which the defendant lived with only his adoptive mother, a Ford automobile, in the rear compartment of which was 42 gallons (seven cases) of liquor, upon which no tax, Federal or State, had been paid; that in the court below the defendant testified that the automobile was not his, and that a man, a stranger to him, was driving the automobile, which got out of order, and he, defendant, helped to push the automobile onto the premises where he lived, and that the automobile was left there for several days, during which time the defendant left and was in Norfolk; that the automobile was subsequently driven away by some unknown person.

The defendant's adoptive mother testified, as a witness for the State, that she did not own the automobile or know who did own it, and that she did not have any interest in or ownership of the liquor.

Evidence sufficient to take the case to the jury in a criminal action must tend to prove the fact in issue or reasonably conduce to its conclusion as a fair, logical and legitimate deduction, and not merely such as raises a suspicion or conjecture of guilt. *S. v. Johnson,* 199 N. C., 429, 154 S. E., 730.

The evidence, at most, does no more than raise a suspicion of the defendant's guilt, and therefore the motion to dismiss and for judgment of nonsuit will be allowed. *S. v. Johnson, supra; S. v. Battle,* 198 N. C., 379, 151 S. E., 927; *S. v. Montague,* 195 N. C., 20, 141 S. E., 285.

The judgment of the Superior Court is

Reversed.