Criminal prosecutions upon two warrants issued out of county court of Stanly County, one as to defendant Baxter Heglar, and the other as to defendant Waddell Howie, which, on appeals to Superior Court from said county court were consolidated, by consent, for the purpose of trial, and amended so as to conform to provisions of the statutes, G.S., 14-290, G. S., 14-291, and G.S., 14-291 (1), relating to dealing in lotteries, selling lottery tickets, acting as agents for lotteries, and possessing "numbers" tickets, and tried as two counts in the same warrant.
The defendants having entered pleas of not guilty, the State offered as witnesses the sheriff of Stanly County and the chief of police of the town of Albemarle, whose testimony tended to show these facts:
1. Defendants, who live in Concord, had been seen (a) together "at various times," "on different occasions" in Concord and in Stanly County, (b) "passing through," and "on the streets of Albemarle in different cars," (c) "in," and "coming through" West Albemarle, "a white residential section," and (d) "in South Albemarle," part of which is "a colored section."
2. Thereafter, in September, 1944, while the sheriff, a deputy sheriff, and the chief of police were riding in the sheriff's car, defendants were seen in a Buick automobile. Howie under the steering wheel and Heglar on the other or opposite side, parked beside the road from Badin to New London, about a half mile from Badin, "headed into the main highway." The officers stopped. Heglar, who was getting out of the car, had two packages or envelopes in his hand, one marked "Sixteen B" and the other "Seventeen B," each containing money and papers and figures as hereinafter described, and "tried to put the money in his pocket," but the chief said: "Don't do that, let me have that, might burn your hand." Then the officers "looked over this car" and found a big hollow jack in the rear of the car — a jack the top of which screwed off. And when the officers "got through looking, Howie said, `Well, you haven't got anything. You haven't found a thing on me. I was expecting this.'" The chief testified that Howie said: "You haven't got anything on me. You haven't found anything this time," and that "Heglar didn't make any statement about it."
3. The two envelopes, with contents, offered in evidence were described by the sheriff: One of these envelopes was marked "16 B" in the *Page 222 
left-hand corner with the figures "4500" in the right-hand corner. In the envelope was a slip of paper on which the following appears:
 16 B 58055 2 1000 16 B 34 2500 16 B 26 1000 ----- 4500 101 ----- 9 — 12 Short 101 4399
Also in this envelope there was currency in the amount of $44.00.
The other envelope was marked "17B" in the left-hand corner with the figures "5000" appearing in the right-hand corner. In this envelope there were two slips of paper. On one of them the following appears:
 17 B 48788 31 5000 1000 ----
 Shorties 1384 4000 Today 245 ----- 1629
 Took 1000 out ----- 629 Still Ow 629
On the other, the following appears: "We cannot take care of 17 B Book if its coming Short — You Will have to Send your Work Right or better than you Are Sending it if you want us to Take care of it." Also in this envelope there was currency in the amount of $40.00.
The "00" in the numbers "4500" and "5000" on the outside and the last two figures of each of the numbers on the right-hand side of the slips of paper were smaller and slightly above the lower level of the figures to the left thereof. There were no dollar marks. All of the figures and writing on the two envelopes and the several slips of paper were handwritten in ink.
4. The chief of police testified: "I don't know any more about a lottery than what I have heard." Then, referring to defendants, the chief concluded, "I wouldn't say I have seen them pass any money or put it on any numbers." *Page 223 
And the sheriff testified: "I have no knowledge of how this numbers game is played. I never did see it played; just information is all I know." Then over objection of defendants, the sheriff testifying from information, and one Greer testifying from experience and observation "in times past and beyond the reach of the statutes of limitations," gave testimony concerning the operation of lotteries generally, but did not attempt to connect these defendants with the operation of any of the lotteries about which they testified.
Motions of defendants, and each of them, for judgments as of nonsuit were denied, and each of them excepted.
Verdict: "That each of the defendants is guilty."
Judgment: That each defendant be confined in common jail of Stanly County and assigned to work on the roads under the supervision and direction of the State Highway and Public Works Commission for a period of twelve months.
Defendants appeal to Supreme Court and assign error.
The evidence shown in the record on this appeal, taken in the light most favorable to the State, as is the rule in considering motions for judgment as of nonsuit in criminal prosecutions, G.S., 15-173, raises no more than a suspicion as to the guilt of the defendants in respect of the offenses with which they stand charged, G.S., 14-290, G.S., 14-291, and G.S.,14-291 (1), and in accordance with well settled principles is insufficient to support a verdict of guilty. S. v. Johnson, 199 N.C. 429,154 S.E. 730; S. v. Goodman, 220 N.C. 250, 17 S.E.2d 8; S. v. Boyd,223 N.C. 79, 25 S.E.2d 456; S. v. Murphy, ante, 115, and numerous other cases. There is no evidence of the operation of any variety of lottery. Nor is there evidence that defendants were operating or were agents for others in the operation of a lottery. Nor is there evidence that they were engaged in selling, or were the agents for others in the sale of lottery tickets. Nor is there evidence that the jack found in the car in which defendants were seated was used in the operation of a lottery, or that the envelopes and their contents were tickets so used. And the envelopes and their contents, and all the writing thereon, and the jack fail in themselves to bear indicia that they were used in the operation of any lottery. Moreover, the statements the defendant Howie made to the officers are too indefinite to provide the deficiency in the evidence. *Page 224 
Hence, there is error in the refusal of motions of defendants for judgments as in case of nonsuit, G.S., 15-173.
The judgment below is
Reversed.