STATE v. L. D. CASH AND WILLIAM H. STARNES.

(Filed 17 October, 1951.)

**1. Arson § 1—**

The burning or procuring to be burned a dwelling house must be done willfully and wantonly, or for a fraudulent purpose, in order to constitute the offense defined by G.S. 14-65, and therefore an instruction to the effect that the jury was required to find beyond a reasonable doubt only that the dwelling was burned and that it was burned at the instance or request of defendant, must be held for prejudicial error.

**2. Criminal Law § 81c (2)—**

The fact that in the beginning of the charge the court stated generally the language of the bill of indictment does not cure subsequent error in the charge in omitting an essential element in defining the offense.

APPEAL by defendant Cash from *Halstead, Special Judge,* March Term, 1951, of CLEVELAND. New trial.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Stover P. Dunagan, C. C. Horn, and J. A. West for defendant, appellant.*

DEVIN, C. J. The bill of indictment charged the defendant with willfully and wantonly and for a fraudulent purpose burning or procuring to be burned the dwelling house owned and occupied by him (G.S. 14-65).

The evidence offered by the State in support of this charge was sufficient to carry the case to the jury, and there was verdict of guilty as charged in the bill.

The defendant assigns error in the following instruction given by the court to the jury: "Now, gentlemen of the jury, there are just two things for you to find in this case, that is that the house was burned, and that it was burned at the instance and request and aiding and counseling of this defendant, through the witness Starnes. The State of North Carolina says that he did, and that he is guilty of it, and says that you should find him guilty and be satisfied of his guilt beyond a reasonable doubt."

It is obvious that the court in giving this instruction inadvertently omitted material elements of the offense with which defendant was charged. The burning or procuring to be burned the dwelling house occupied by defendant to constitute a criminal offense must have been done willfully and wantonly, or for a fraudulent purpose. To convict the defendant under this bill something more must be found than the fact that the house was burned, and that it was done at the instance and request of the defendant. By the terms of the statute an essential element of the crime charged was that it be done willfully and wantonly or for a fraudulent purpose. *S. v. McDonald,* 133 N.C. 680, 45 S.E. 582; *S. v. Morgan,* 136 N.C. 628, 48 S.E. 670; *S. v. Falkner,* 182 N.C. 793, 108 S.E. 756; *S. v. Rawls,* 202 N.C. 397, 162 S.E. 899; *S. v. McLean,* 209 N.C. 38, 182 S.E. 700.

True, the court at the outset of his charge stated generally the language of the bill of indictment, but nowhere else was any reference made to the elements of the offense necessary to be found by the jury before they could convict, and at the close of the charge the jury was clearly and pointedly instructed that there were "just two things" for them to find, that the house was burned and that it was burned at the instance and request of the defendant. *S. v. Isley,* 221 N.C. 213, 19 S.E. 2d 875 (bottom page 215).

For the error pointed out, there must be a new trial and it is so ordered. Discussion of other exceptions noted is deemed unnecessary as they may not arise on another hearing.

New trial.