### STATE v. ARVILLE LOVE.

(Filed 29 October, 1952.)

**1. Intoxicating Liquor § 9d—**

Evidence tending to show only that a bus driver gave defendant the key to the rear baggage compartment of the bus, and that at defendant's destination a bag containing intoxicating liquor was found in the baggage compartment, without identification of the bag as the one carried by defendant and without testimony that anyone saw defendant put the bag in the compartment, *is held* insufficient to fix defendant with ownership or possession of the liquor found in the baggage compartment.

**2. Criminal Law § 52a (2)—**

Evidence which does no more than raise a strong suspicion of guilt is insufficient to be submitted to the jury.

**3. Criminal Law § 52b—**

The withholding by the court from the jury of one of the counts in the bill of indictment has the effect of a directed verdict of not guilty upon that count, and amounts to an acquittal thereon.

**4. Intoxicating Liquor §§ 4a, 9d—**

Evidence tending to show only that defendant transported in a bus from a county having liquor stores to a dry county one gallon of tax-paid liquor with seals unbroken is insufficient to show unlawful transportation, it being legally established that the transportation was not for the purpose of sale. G.S. 18-49.

**5. Criminal Law § 62f—**

Where the evidence is insufficient to show a violation of the prohibition laws it cannot sustain a finding that defendant had violated the terms of a suspended sentence in that regard, and the order of the court executing the sentence must be reversed.

APPEAL by defendant from *Sink, J.,* at June Special Term, 1952, of WATAUGA.

The bill of indictment charged the defendant with (a) the unlawful possession of intoxicating liquors for the purpose of sale, (b) the unlawful

possession of intoxicating liquors for beverage purposes, and (c) the unlawful transportation of intoxicating liquors.

The evidence of the State consisted of the testimony of two witnesses. Roger Parker, a member of the State Highway Patrol, testified that on 4 February, 1952, in consequence of some information he had, he and another patrolman stopped a bus en route from Newton to Boone on Highway 421. He and the bus driver opened the baggage compartment at the rear of the bus and there discovered a small canvass bag and by feeling the bag could tell it contained pint bottles of some type. He got on the bus and rode to Boone. He did not see the defendant on the bus, but upon reaching Boone saw the defendant at his cab stand near the bus station. He went over to the defendant and questioned him concerning the presence of liquor on the bus. The defendant readily admitted to the patrolman that he had purchased eight pints of liquor in Newton and because he understood it was against the law to transport liquor in a taxi had placed the liquor inside the bus in the rack above the driver's seat. The patrolman then in company with the sheriff went inside the bus and found a small cloth handbag containing eight pints of liquor in the rack where the defendant said he had placed the liquor he had purchased. The bag in the outside rear baggage compartment was then examined and found to contain eight pints of liquor. The defendant did not claim the liquor discovered in the rear baggage compartment. The seals had not been broken on any of the bottles. The liquor in one bag showed that it had been purchased in Hickory at one time, while the labels on that in the other bag indicated that it had been purchased in Newton at another time. The stamps on the liquor disclosed that all of it had been purchased at authorized ABC stores. Neither bag contained a baggage check or an identification tag of any kind. The defendant lives in Boone and drives a taxicab.

Tony Tucker, the bus driver, testified in part that on the day in question he saw the defendant at the bus station at Newton and that the defendant said to him, "I have one piece to go to Boone." The driver then pitched to the defendant the key to the rear baggage compartment and went into the bus station. When he came back to the bus, he found the key lying in front of his seat in the bus. The driver did not see the defendant put anything in the rear baggage compartment, and at the time the defendant spoke to the driver, he had only one bag in his hand. The driver could not remember the color of the bag and could not identify which of the bags the defendant had in his hand when he threw him the key.

The defendant offered no evidence, and his motion for judgment as of nonsuit was overruled.

The trial judge submitted the case to the jury only upon the counts charging him with the unlawful possession of intoxicating liquors for beverage purposes and with the unlawful transportation of liquor. The jury returned a verdict of guilty.

The defendant was under a jail sentence of 90 days which had been suspended upon condition that he not violate any of the liquor laws of the State for a period of two years.

The presiding judge entered judgment upon the verdict of the jury and found as a fact under the judgment so pronounced that the defendant had violated the terms of the suspended sentence and ordered that capias and commitment issue for the defendant activating said suspended sentence.

From the judgment and the order, defendant excepted and appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Edward B. Hipp, Member of Staff, for the State.*

*Trivette, Holshouser & Mitchell for defendant, appellant.*

VALENTINE, J. The evidence was insufficient to fix the defendant with the ownership or possession of the eight pints of liquor found by the officers in the rear baggage compartment. The bus driver did not see the defendant open the compartment, did not see him place anything in the compartment, and could not identify the bag as the one he had seen in the possession of the defendant. Evidence which does no more than raise a strong suspicion is not sufficient. *S. v. Carter,* 204 N.C. 304, 168 S.E. 204; *S. v. Watts,* 224 N.C. 771, 32 S.E. 2d 348; *S. v. Kirkman,* 224 N.C. 778, 32 S.E. 2d 328; *S. v. Murphy,* 225 N.C. 115, 33 S.E. 2d 588; *S. v. Heglar,* 225 N.C. 220, 34 S.E. 2d 76. Substantial evidence, more than a scintilla, is required to create a case for the jury in a criminal prosecution.

It should be noted that the trial judge withheld from the jury the count in the bill charging the defendant with the unlawful possession of liquors *for the purpose of sale.* This action by the court had the effect of a directed verdict of not guilty upon that count. This principle has been applied many times in cases where the jury finds a defendant guilty on one count and says nothing concerning other counts in the indictment. Such a verdict amounts to an acquittal upon the counts not referred to. *S. v. Taylor,* 84 N.C. 773; *S. v. Fisher,* 162 N.C. 550, 77 S.E. 121; *S. v. Hampton,* 210 N.C. 283, 186 S.E. 251; *S. v. Choate,* 228 N.C. 491, 46 S.E. 2d 476.

This leaves for consideration only the question of whether it is a violation of the law for a person to purchase not more than one gallon of whiskey from a liquor store in a county that has brought itself under the provisions of the Alcoholic Beverage Control Act and to transport the

same, with seals unbroken, into a county that has not elected to come under the provisions of said Act.

G.S. 18-49 provides: "It shall not be unlawful for any person to transport a quantity of alcoholic beverages not in excess of one gallon from a county in North Carolina coming under the provisions of this article to or through another county in North Carolina not coming under the provisions of this article: Provided, said alcoholic beverages are not being transported for the purposes of sale, and provided further that the cap or seal on the container or containers of said alcoholic beverages has not been opened or broken."

So then, if the defendant purchased eight pints or one gallon of intoxicating liquor at an ABC store in Newton and transported the same with seals unbroken to Boone, even though the town of Boone is located in a nonconforming county, he was within his rights under G.S. 18-49, unless the liquor was transported for the purpose of sale, and the last question is resolved in favor of the defendant by the action of the court in withholding the first count in the bill from the consideration of the jury. Therefore, it cannot be properly said that the defendant possessed and transported the liquor in violation of G.S. 18-49.

The defendant also appealed from the order of the court activating a prior suspended sentence upon the finding that the verdict and judgment in this case constituted a violation of the terms of the suspension. It appears that defendant's point is well taken.

The propriety of executing a suspended sentence ordinarily is a matter addressed to the discretion of the presiding judge. However, there must be a finding that the defendant has violated one or more of the conditions upon which the sentence was suspended, and that finding must be based upon competent evidence. The State in this prosecution has failed to sustain its claim that the defendant has violated a provision of our prohibition laws. The presiding judge was, therefore, without authority to use the same evidence as the basis of a finding that the defendant had breached a condition of his suspended sentence. *S. v. Stallings,* 234 N.C. 265, 66 S.E. 2d 822; *S. v. Robinson,* 232 N.C. 418, 61 S.E. 2d 106.

It follows that the judgment and the order of the court below must be Reversed.