STATE v. CARVER.

STATE v. PAUL CARVER.

(Filed 10 April 1963.)

1. **Criminal Law § 18—**

On an appeal from conviction in a county court of specific misdemeanors, the Superior Court acquires jurisdiction only of the specific misdemeanors charged in the warrant and upon which defendant had been convicted.

2. **Intoxicating Liquor § 5—**

Constructive possession of nontaxpaid whiskey will support conviction.

3. **Intoxicating Liquor § 13c— Evidence of constructive possession of nontaxpaid whiskey held insufficient to raise jury question.**

Evidence tending to show that when the sheriff drove up to defendant's premises with search warrants for both defendant's house and the house of defendant's son-in-law, the son-in-law ran from the door of defendant's shop or garage to a sink therein, that the sheriff ran in behind the son-in-law and found a pint bottle, with the top off and a little nontaxpaid whiskey in it, lying in the sink, and the bottom of the sink wet with whiskey, *is held* insufficient to support conviction of defendant on a warrant charging possession of one pint of nontaxpaid whiskey, since the evidence fails to disclose where the bottle of nontaxpaid whiskey was when the sheriff drove up, and whether the son-in-law was in possession of it at that time with defendant's knowledge.

**4. Criminal Law § 101—**

Evidence which raises no more than a suspicion or conjecture of the fact of guilt is insufficient to carry the case to the jury.

APPEAL by defendant Paul Carver from *Williams, J.,* 10 September 1962 Mixed Term of PERSON.

Criminal prosecution on a warrant containing two counts: The first count charges Paul Carver and Hester Sanders on 27 June 1962 with the unlawful possession of one pint of non-taxpaid whiskey, and the second count charges them on the same day with the possession of the same amount of non-taxpaid whiskey for the purpose of sale. Each defendant was found guilty in the county criminal court and from a judgment against each one, each one appealed to the superior court, where the case was heard *de novo* upon each defendant's plea of not guilty. Verdict as to Paul Carver: "Guilty of illegal possession of non-taxpaid whiskey and not guilty on the count of possessing whiskey for the purpose of sale." Verdict as to Hester Sanders, Not Guilty on both counts.

From a judgment of imprisonment for six months, Paul Carver appeals.

*Attorney General T. W. Bruton and Assistant Attorney General James F. Bullock for the State.*

*R. B. Dawes for defendant appellant.*

PARKER, J. The State offered one witness, C. C. Holeman, sheriff of Person County. Defendants offered no evidence. Defendant Carver assigns as error the denial of his motion for judgment of nonsuit made at the close of the State's case.

Sheriff Holeman testified in substance:

Paul Carver owns a lot of land located on a hard-surfaced road near the Kitten Hill Community in Person County. He lives in a house on the lot about as far from the road as from the witness stand to the back of the courtroom. Behind his house he has a shop or garage with a number of tools in it where he works on automobiles. In the back of the shop or garage was a sink. Around the shop were a number of old automobiles. Adjoining the shop is an empty house. Hester Sanders, Carver's son-in-law, lives in a house on the back of the lot, about 250 feet from the other buildings.

On 27 June 1962 he went to the home of Carver armed with separate search warrants to search the premises of Carver and Hester Sanders. He testified: "We pulled in front of the house. Mr. Carver was there,

standing by an old car. I don't know whether he was working on it. As I pulled up I noticed Hester Sanders ran from the door [evidently of the garage, it is so stated in defendant's brief]. The building has a door here and a window at this side of it. Hester Sanders ran from the door across [to] the sink. There is a sink in the corner of the garage. I rushed on in and as I got to the door Hester was leaving the sink and picked up a piece of motor, or a piece of car or something there and I went on in and found this bottle laying in the sink with that much whiskey in it and the top was off it and the bottom of the sink was wet with liquor and this bottle was wet, laying there flat with the top off. That's a pint bottle, labelled 'Kentucky Gentlemen.' The liquor in it is called rotgut or bootleg whiskey or non-taxpaid. It is non-taxpaid whiskey."

Under the sink he found about sixty empty pint bottles in a box. Several had in them the fresh odor of whiskey. Outside he found several jugs with a small amount of whiskey in them. In a nearby shed there were a few pint bottles with the odor of whiskey in them. He searched Sanders' house and his smokehouse and found three jugs with a little amount of whiskey in them in the smokehouse. In a little back room of Sanders' house he found "some empties." All the whiskey he found in the jugs and bottles would probably fill about half of a cup. He read the search warrants to both defendants. Neither made any objection to the search.

The warrant here was sworn to by Sheriff Holeman. He testified on cross-examination: "I base my allegation of one pint of whiskey on the size of the sink and its being wet with whiskey in it from fresh whiskey."

The superior court of Person County had jurisdiction on appeal to try the defendant only for the specific misdemeanors charged in the warrant, upon which he had been tried and convicted in the inferior court. S. v. Mills, 246 N.C. 237, 98 S.E. 2d 329; S. v. Hall, 240 N.C. 109, 81 S.E. 2d 189.

The warrant charged the defendant in one count with the unlawful possession of one pint of non-taxpaid whiskey on 27 June 1962, and in a second count with the possession on the same date of one pint of non-taxpaid whiskey for the purpose of sale. He was found guilty on both counts in the county criminal court, and appealed to the superior court. In the superior court he was found guilty on the first count in the warrant, and not guilty on the second count in the warrant.

The only evidence for the State as to one pint of non-taxpaid whiskey is that when Sheriff Holeman drove up in front of Carver's

house, Hester Sanders ran from the door of the shop or garage to a sink in the shop or garage, and when the sheriff ran in behind him, Sanders was leaving the sink and he found a pint bottle with the top off lying in the sink with a little non-taxpaid whiskey in it, and the bottom of the sink was wet with whiskey. During that time Carver was outside standing by an old automobile. Sheriff Holeman testified: "I base my allegation of one pint of whiskey on the size of the sink and its being wet with whiskey in it from fresh whiskey."

The State's evidence does not disclose where the pint bottle of non-taxpaid whiskey was when the sheriff drove up. Did Sanders at that time have it on his person? If so, did Carver know that? The State's evidence tends to show Sanders was in the possession of this whiskey, but the jury acquitted him of the charge. There can be a constructive possession of non-taxpaid whiskey, as well as an actual possession. *S. v. Myers*, 190 N.C. 239, 129 S.E. 600. "It is sometimes difficult to distinguish between evidence sufficient to carry a case to the jury, and a mere scintilla, which only raises a suspicion or possibility of the fact in issue." *S. v. Johnson*, 199 N.C. 429, 154 S.E. 730. In our opnion, the evidence of the State was insufficient to carry the case to the jury as against Carver on the charges in the warrant. The evidence does no more than raise a suspicion or conjecture, strong perhaps, of defendant's guilt as charged, but that is not sufficient to carry the case to the jury. *S. v. Love*, 236 N.C. 344, 72 S.E. 2d 737; *S. v. Heglar*, 225 N.C. 220, 34 S.E. 2d 76; *S. v Kirkman*, 224 N.C. 778, 32 S.E. 2d 328; *S. v. Carter*, 204 N.C. 304, 168 S.E. 204; *S. v. Johnson, supra*.

There was error in the denial of Carver's motion for judgment of nonsuit. The judgment below is

Reversed.