STATE OF NORTH CAROLINA v. STEPHEN F. BALSOM, JAMES E. GOVE, JOSEPH H. KAUSNER, AND JOHN A. SIRACUSE

No. 7312SC131

(Filed 28 March 1973)

1. **Narcotics § 4— felonious possession of LSD — sufficiency of evidence against one defendant only**

    Evidence was sufficient to withstand nonsuit in a prosecution against defendant Gove for felonious possession of LSD where such evidence tended to show that LSD was found in premises under the control of Gove, that LSD was found in a drawer with a wallet containing Gove's identification and that LSD was found in a closet containing his clothing; however, nonsuit should have been allowed against defendants Balsom, Kausner and Siracuse where the evidence tended to show that the premises in question were not under their control, that they had no actual or constructive possession of LSD and that they were mere transient visitors of defendant Gove.

2. **Criminal Law § 84— valid search warrant — admissibility of LSD seized**

    LSD found on defendant Gove's premises was properly admitted into evidence where the premises were searched and the drug was seized pursuant to a validly issued and executed search warrant.

3. **Criminal Law § 43— photographs of defendants — admissibility for illustration**

    The trial court did not err in allowing into evidence photographs taken of defendants at the time of their arrests where the photographs were used to illustrate the testimony of a witness.

APPEAL by defendants from *Clark, Judge,* 28 August 1972 Session of Superior Court held in CUMBERLAND County.

Defendants, Stephen F. Balsom (alias Richard J. Paulino), James E. Gove, Joseph H. Kausner and John A. Siracuse, were charged in separate bills of indictment, proper in form, with felonious possession of the controlled substance Lysergic Acid Diethylamide (LSD). Upon their pleas of not guilty, the State offered evidence tending to show that at about 8:40 a.m., 2 May 1972, Deputy Sheriff William H. Nichols of Cumberland County and other officers, armed with a search warrant, went to a residence at 102 Fleishman Street in Fayetteville. After knocking on the door and receiving no response, Deputy Sheriff Nichols looked through the window to the right of the front door and saw "two subjects sleeping on the floor." He again knocked on the door and received no response. Deputy Nichols opened the door, which was unlocked, and went into the front bedroom and awoke defendants Siracuse and Balsom, then went

to a back bedroom and awoke defendant Kausner and a female companion. Nichols testified: "I identified myself as a Deputy Sheriff, told them that I had a search warrant, and told them to get dressed and go into the living room." After reading the search warrant, the officers began searching the premises. In a dresser drawer in the front bedroom was found a wallet containing identification with the name of James E. Gove. In the same drawer was found "a plastic bag . . . containing 20 yellow and green capsules of white powder" (State's exhibit 2). Another bag containing 21 yellow and green capsules of white powder (State's exhibit 3) was found on the top shelf of a closet in the front bedroom. In a pocket of a brown shirt (State's exhibit 12) hanging in the same closet was found a plastic bag containing 11 green and white capsules of white powder (State's exhibit 4) and another plastic bag containing white powder (State's exhibit 5). Military clothing bearing the name of Gove was found in the closet. After advising the subjects of their rights and placing them under arrest "for possession of narcotics," the officers began searching the area outside the premises. Deputy Sheriff Nichols discovered an indentation in the tall grass approximately 20 to 25 feet directly behind the house, then continued to search the area behind the house. Nichols testified:

> "I found a brown paper bag containing a plastic bag with several small plastic bags of white powder and a silver spoon. State's Exhibit 6, a manila envelope, is the manila envelope which I placed the plastic bag from the brown paper bag which I found in the back yard. I also found three small plastic bags with white powder which I placed into the manila envelope marked State's Exhibit 7. The three plastic bags and the larger plastic bags are the ones which I referred to.
>
> *   *   *
>
> In the paper bag, I found five more plastic bags of white powder which I placed in the envelope marked State's Exhibit 8. They have my initials and date on each.
>
> *   *   *
>
> I also found a silver spoon with white powder residue in it which was placed in a manila envelope marked as State's Exhibit 9. It has my initials on the plastic bag it was sealed in and sent to the lab."

Nichols reentered the residence and had resumed searching the interior of the premises when defendant Gove arrived. Nichols testified:

> "I met Mr. Gove in the living room. He wanted to know who we were and what we were doing there and said that he lived there. At that time I stated that I was a Deputy Sheriff of Cumberland and placed him under arrest and advised him of his rights."

On 3 May 1972, defendant Kausner informed Nichols "that he wanted to give me some information with reference to the narcotics traffic." Kausner then stated that he had been paid $300.00 by an individual in Buffalo "to bring two bags of white powder from New York to Fayetteville to be delivered. The individual in Buffalo told him the white powder was pure mescaline; that it would be cut; and that it would end up as approximately 3 pounds of cut mescaline." Kausner said he delivered the two bags to a service station and informed Nichols "that he did not know whether any of the narcotics that were found in the house was part of the narcotics that he brought in."

In a red plaid suitcase in the dining room of the residence at 102 Fleishman Street was found an airline ticket dated 29 April 1972, bearing the names of "J. Siracuse and J. Kausner." The city of departure was Buffalo and the destination was Washington, D. C. Also in the plaid bag were found two airline tickets dated 29 April 1972 from "DCA" (Washington, D. C.) to Fayetteville and bearing the names of defendants Siracuse and Kausner. Nichols testified: "I asked who the red plaid bag belonged to and Siracuse stated that the dirty clothes were his and the items in it were his."

Exhibits 2 through 9 were taken to the laboratory of the State Bureau of Investigation for analysis. Defendants, through counsel, stipulated that were the chemist present, he would testify that the substance analyzed was LSD.

Defendants offered no evidence and were found guilty as charged. From judgments imposing prison sentences of from four to five years (Balsom), a maximum of four years as a committed youthful offender (Gove), two to four years (Siracuse), and three to five years (Kausner), defendants appealed.

*Attorney General Robert Morgan and Assistant Attorney General Howard P. Satisky for the State.*

*Sol G. Cherry, Public Defender, for defendant appellants Balsom and Gove.*

*Butler, High & Baer by Sneed High for defendant appellants Siracuse and Kausner.*

HEDRICK, Judge.

[1] Defendants, Balsom, Gove, Kausner and Siracuse, assign as error the denial of their motions for judgments as of nonsuit.

> "An accused's possession of narcotics may be actual or constructive. . . . Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Harvey,* 281 N.C. 1, 12, 187 S.E. 2d 706, 714 (1972)

When the evidence in the present case is considered in the light most favorable to the State, it is sufficient to show that LSD was found in the premises under the control of defendant Gove. Defendant Gove told the officers that "he lived there." LSD was found in a drawer with a wallet containing Gove's identification. LSD was found in a closet containing Gove's clothing. Such evidence, in our opinion, is sufficient to raise an inference that Gove was a permanent resident of the premises and that he was in control of the premises and had knowledge of the narcotic drug LSD found therein. Gove's exception to the denial of his motion for judgment as of nonsuit is not sustained.

With repect to defendants Balsom, Kausner and Siracuse, there is no evidence that the premises at 102 Fleishman Street were under their control, or that they knew of the LSD located therein. There is no evidence that these defendants had actual or constructive possession of the LSD. The evidence tends to show that these defendants were mere transient visitors. There is no evidence that any of these defendants were under the influence of or users of narcotics. Evidence tending to show that on 29 April 1972, defendant Kausner, accompanied by defendant Siracuse, brought a quantity of the narcotic drug mescaline to Fayetteville from Buffalo, New York, by way of Washington, D. C., raises no inference that Kausner or Siracuse either ac-

tually or constructively possessed the narcotic drug LSD found on or about the premises at 102 Fleishman Street. It is recognized that "mere proximity to persons or locations with drugs about them is usually insufficient, in the absence of other incriminating circumstances, to convict for possession." Annot., 91 A.L.R. 2d 810, 811 (1963).

It is our opinion, and we so hold, the court erred in not allowing the motions of defendants Balsom, Kausner and Siracuse for judgments as of nonsuit. *State v. King*, 264 N.C. 578, 142 S.E. 2d 130 (1965) ; *Haley v. State*, 7 Md. App. 18, 253 A. 2d 424 (1969).

[2] Defendant Gove contends the court erred in admitting into evidence the LSD found in the premises. The record discloses Gove's premises were searched and the LSD seized pursuant to a validly issued and executed search warrant. This assignment of error is overruled.

[3] Defendant Gove contends the court erred in admitting into evidence a photograph taken at the time of his arrest. This assignment of error has no merit.

It is well settled that photographs may be introduced into evidence for the purpose of illustrating the testimony of a witness. Here the officer testified, without objection, describing the appearance of defendants at the time of their arrest. It was not error for the court to allow photographs taken of defendants at the time of their arrest to illustrate the testimony of the witness.

Defendant Gove has additional assignments of error which we have carefully considered and find to be without merit. Defendant Gove had a fair trial free from prejudicial error.

The judgment against defendant Gove contains the erroneous recital that defendant was charged and convicted of "possession of LSD with intent to distribute." The record reveals the defendant Gove was charged and convicted of felonious possession of the narcotic drug LSD. The erroneous recital is hereby stricken and the judgment modified to conform to the record. As modified, the judgment as to defendant Gove is affirmed. As to defendants Balsom, Kausner and Siracuse, the judgments are reversed.

Judges CAMPBELL and GRAHAM concur.