**Donnie Ray HICKS, Petitioner,**

v.

**R.L. REESE, Superintendent, Mecklenburg Unit I, and the Attorney General of the State of North Carolina, Respondents.**

**No. C–C–84–677–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Jan. 8, 1986.

Danny Ray Hicks, Charlotte, N.C., pro se.

Barry McNeil, State of N.C., Dept. of Justice, Raleigh, N.C., for respondents.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon Respondents' Answer to Petition and Motion to Dismiss, filed January 28, 1985.

Petitioner was indicted May 2, 1983 by a Gaston County Grand Jury for fraudulently setting fire to a dwelling house in violation of N.C.Gen.Stat. § 14–65 (1981). He was tried and found guilty as charged during the August 8, 1983 Session of Gaston County Superior Court before the Honorable Claude S. Sitton. Petitioner was sentenced to three years, the presumptive prison term for Petitioner's Class H felony pursuant to N.C.Gen.Stat. § 15A–1340.4(f) (1983) on August 10, 1983.

On December 20, 1984 Petitioner was allowed to file this habeas corpus action *in forma pauperis.* In his Petition, Petitioner alleges that his rights against the deprivation of liberty without due process of law as guaranteed under the fourteenth amendment of the United States Constitution were violated by the trial court for the following reasons: (1) the State was not required to elect its theory of the crime, to wit, whether Petitioner burned the dwelling or procured another to do so—thus, allowing the jury too much latitude in deliberating and allowing the State to introduce irrelevant and prejudicial evidence; (2) the trial court admitted evidence that Petitioner had solicited another to burn his dwelling when there was no evidence that anoth-

er had burned it; and (3) the evidence was insufficient to sustain the conviction.

Respondents state in their Answer and Motion to Dismiss that each of Petitioner's contentions are without merit and should be dismissed. The Court agrees and is of the opinion that Petitioner's petition for habeas corpus relief should be

**DISMISSED.**

The Petitioner's rights were not violated by the trial court's failure to require the State to elect its theory of the crime, that is, whether Petitioner burned the dwelling or procured another to do so; and, Petitioner's rights were not violated by the trial court's instruction to the jury that

to find the defendant guilty of fraudulently causing the burning of his dwelling house, the State must prove four things beyond a reasonable doubt. First, that the defendant intentionally set fire to or caused the burning of the dwelling house at 200 Valley Street, Stanley, North Carolina.

(Tr. p. 278.)

The relevant statute makes it unlawful for a person to "wantonly and willfully or for a fraudulent purpose set fire to or burn *or* cause to be burned...." a dwelling house. N.C.Gen.Stat. § 14–65 (1981) (emphasis added). The indictment specifically charged that Petitioner "for a fraudulent purpose cause[d] to be burned the dwelling house located at 200 Valley Street...." (ROA p. 1.)

■ An indictment which charges in a single count that the accused burned and, or procured to be burned the building in question is not improper. *See Miles v. State*, 160 Fla. 523, 36 So.2d 182 (1948). Thus, both the indictment and the instruction were consistent with the statute in that Petitioner could be found guilty if the jury found beyond a reasonable doubt that he caused his dwelling house to be burned, whether he set the fire himself or procured another to do so.

■ The evidence supported both the allegation in the indictment and the instruction. Joe Allen Guy, an acquaintance of Petitioner, testified that Petitioner asked him if he was interested in burning Petitioner's house for $2,000.00. (Tr. p. 164.) Petitioner testified that he was within a mile to a mile and a quarter from his house at the time of the fire. (Tr. p. 257.)

There is no indication that the jury was confused on the elements of the offense as provided by the statute, nor is there any indication that the evidence introduced by the State was irrelevant. To the contrary, the State's evidence was very relevant to its burden of proof on each element of the statute.

■ The Petitioner's rights were not violated by the trial court's admitting into evidence testimony that Petitioner had solicited Joe Allen Guy to burn his dwelling house. The testimony simply showed Petitioner's intent to burn his house. Further, the Fourth Circuit Court of Appeals has held that the admissibility of evidence in state trials normally does not involve constitutional issues and that a federal question is presented by such only in circumstances opposing fundamental fairness or infringing upon specific constitutional protections. *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir.1960), *cert. denied*, 362 U.S. 917, 80 S.Ct. 670, 4 L.Ed.2d 738 (1960); *see also, Chance v. Garrison*, 537 F.2d 1212 (4th Cir.1976). The admission of Guy's testimony that Petitioner had solicited him to burn Petitioner's house was relevant toward Petitioner's intent and motive for the offense charged, and did not constitute an attack on fundamental fairness.

With respect to Petitioner's last claim, the Court is of the opinion that the evidence was sufficient to sustain the conviction. The standard of review is whether, after viewing all the evidence in light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court is to consider circumstantial as well as direct evidence and allow the

government the benefit of all reasonable inferences from facts proven to facts sought to be established. *United States v. Tresvant*, 677 F.2d 1018 (4th Cir.1982).

To convict Petitioner of the crime charged, the State was required to prove that: (1) Petitioner intentionally set fire to or caused the burning; (2) of a dwelling house occupied by him; (3) for a fraudulent purpose. *See* N.C.Gen.Stat. § 14–65 (1981); *State v. Brackett*, 306 N.C. 138, 291 S.E.2d 660 (1982); and *State v. Cash*, 234 N.C. 292, 67 S.E.2d 50 (1951).

The evidence at trial showed that a week before the fire Petitioner solicited another to burn the house for $2,000.00. (Tr. p. 164.) Petitioner was within a mile to a mile and a quarter from his house at the time of the fire. (Tr. p. 257.) Petitioner failed to offer any evidence to explain his request of another to burn his house or his absence from where he was staying when the fire started. There was expert testimony that the fire was started with gasoline. Further Petitioner had quit his job three days before the fire (Tr. p. 224) and on the date of the fire had tried to sell his house but was unsuccessful. (Tr. pp. 143–144.)

Petitioner cites *State v. Tew*, 62 N.C.App. 190, 302 S.E.2d 633, *disc. rev. denied*, 309 N.C. 464, 307 S.E.2d 370 (1983) to support his contention that the evidence was insufficient. In that case the North Carolina Court of Appeals held the evidence was insufficient to convict defendants of burning a building in violation of N.C.Gen.Stat. § 14–62 where the State failed to place either defendant at or near the scene of the building during the day and a half that preceeded the fire. The instant case differs, however, in that Petitioner's own testimony put him in a close proximity to the house when it was burned.

Petitioner also cites *State v. Blizzard*, 280 N.C. 11, 184 S.E.2d 851 (1971) and *State v. King*, 264 N.C. 578, 142 S.E.2d 130 (1965) in support of his contention that the evidence at trial was insufficient to sustain the conviction. For the reasons stated above, however, the Court is of the opinion that the evidence was sufficient and no case law appears to lead to any other conclusion.

IT IS, THEREFORE, ORDERED that the petition for habeas corpus relief be, and the same hereby is **DISMISSED**.