STATE OF IOWA, Appellee, v. ELMER J. BUFFORD, Appellant.

No. 45873.

MARCH 10, 1942.

Gertrude E. Rush, for appellant.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, Francis J. Kuble, County Attorney, and Fred Royal, Assistant County Attorney, for appellee.

HALE, J.—Defendant, on August 26, 1941, was charged by county attorney's information with the offense of operating

a motor vehicle upon a public highway while in an intoxicated condition. On August 28, 1941, defendant appeared in person and by attorney, entered a plea of guilty to the charge made in the information, waived time, and asked that sentence be pronounced by the court; whereupon the court sentenced the defendant to imprisonment in the county jail of Polk county for a period of six months, and at the same time paroled the defendant to Mrs. Gertrude Rush, his attorney, during good behavior. On September 29, 1941, defendant's parole was revoked and he was ordered committed to the Polk county jail as provided in the original sentence, it appearing in the order made by the court that the defendant had violated the terms of his parole. From this order of the court the defendant appeals.

As we gather, defendant claims, first, that the sentence is excessive, and second, error because on the revocation of his parole the defendant was not informed of the nature of his violation of the parole and was not confronted with witnesses.

■ I. Defendant's appeal as to the alleged excessive sentence was taken too late, being more than 60 days after judgment. The court, however, was acting within its discretion. In our most recent similar case, State v. Pearce, 231 Iowa 443, 1 N. W. 2d 621, decided January 13, 1942, the record shows the same sentence was inflicted, and, as in previous cases, we declined to interfere.

■ II. Defendant was paroled by reason of the provisions of section 3800, Code of Iowa, 1939, which authorizes parole under certain circumstances. The parole was revoked under section 3805, which reads as follows:

"A suspension of a sentence by the court as herein provided may be revoked at any time, without notice, by the court or judge, and the defendant committed in obedience to such judgment."

This statute gives authority to the court to determine without further proceedings whether the parole or suspended sentence which was granted as a matter of grace by the court should be continued or the defendant required to comply with the judgment. The question raised by defendant has been de-

termined by this court. See Pagano v. Bechly, 211 Iowa 1294, 1297, 1298, 232 N. W. 798, 799; Bennett v. Bradley, 216 Iowa 1267, 249 N. W. 651. In the Pagano case, the court says, in considering sections 3800 and 3805:

"Plaintiff is in the anomalous position of asserting and claiming certain rights by virtue of the aforesaid Section 3800, but asserting that he is not bound by Section 3805, which provides for a revocation of a suspended sentence *without notice*. These two sections are a part of the same chapter, and are companion sections. Whatever rights the plaintiff acquired by reason of the court's exercising the power provided by Section 3800 are necessarily limited and controlled by the provisions of Section 3805."

The case also refers to the question of the constitutionality of the revocation, and cites and quotes from various cases. The opinion further states:

"* * * when the defendant in a criminal case accepts the grace and forbearance extended by Section 3800 of the Code, he takes it with the conditions and limitations that go with it, provided in Section 3805. It being a matter of grace and forbearance on the part of the sovereign, the defendant acquired no vested rights, and therefore, under the statutory provisions, he would not be entitled to notice and opportunity to be heard. The district court did not err in overruling his application for an order setting aside the revocation of the suspension of sentence and parole."

The law, under our statute, as shown by the decisions of our court, is against the contentions of the defendant, and the cause is affirmed.—Affirmed.

BLISS, C. J., and STIGER, SAGER, OLIVER, MILLER, WENNERSTRUM, and GARFIELD, JJ., concur.