35079. BRYANT *v.* THE STATE.
35080. JENKINS *v.* THE STATE.

892

Decided March 11, 1954—Rehearing denied March 31, 1954.

*John C. Tyler, Wesley R. Asinof, Marvin O'Neal, Jr.,* for plaintiffs in error.

*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, C. O. Murphy, Robert O'Neil,* contra.

TOWNSEND, J. ■ The application for certiorari assigns error on the overruling of a motion by the defendant, prior to the introduction of evidence, that the State reduce to writing its motion to revoke the sentence. In this regard, the record reveals that the defendants were brought before the court, each represented by counsel, without any written pleadings such as a petition by the solicitor-general or rule nisi, and that counsel for one of the defendants then stated, "We would like to be apprised of what we are here for," and, after some discussion, made an oral motion that the grounds for revocation be reduced to writing. The solicitor then stated that, while he did not understand there was any requirement for the motion to be reduced to writing, he could accommodate them. The court then indicated that the defendants were entitled to be put on notice of the State's contention, after which the solicitor orally and in detail stated that the defendants were accused of the offense of hazarding money, identical to the offense for which they had been con-

victed, and stated the time, place, and manner thereof according to the State's contentions, after which the court offered counsel for the defendants a recess to consider the solicitor's statements. Counsel refused this offer, did not renew their motion to reduce the charge to writing, but immediately proceeded to make an objection thereto in the nature of an oral demurrer, on the ground that the charge was too vague and indefinite to present a violation of the laws of Georgia, they contending that the original sentence would not warrant such a proceeding unless based upon a conviction for the second offense. This demurrer was overruled, and the case proceeded for trial.

Code § 27-2705 provides for "due examination" before revocation of the probation feature of a sentence, and does not state that the charges must be in writing. "Due examination" means "notice and the opportunity to be heard." *Plunkett* v. *Miller*, 161 *Ga.* 466 (3) (131 S. E. 170); *Roberts* v. *Lowry*, 160 *Ga.* 494 (2) (128 S. E. 746); *Williams* v. *State*, 162 *Ga.* 327 (3) (133 S. E. 843). Without deciding whether or not the notice should be in writing as a matter of form, it is plain from the record here that the defendants' counsel did not continue to insist on this point after the solicitor offered to reduce the notice to writing, and the court offered a recess for further consideration. Instead, they recognized the existence of the oral notice by demurring to it on certain technical grounds, which will be considered hereafter, and then proceeding with the hearing without any further insistence that the notice which was given was insufficient because not in writing. This point, therefore, is not so raised as to be made the basis of an assignment of error.

■ It is further contended that the sentences of the defendants, the probation provision of which is sought to be revoked, and which state that "sentence is suspended on payment of fine and on the further condition that defendant not violate the laws of Georgia, and until further order of the court," will not support this proceeding, as this provision is too vague, indefinite, ambiguous, and uncertain to be enforced. When such a situation exists, the benefit of the ambiguity should be given the defendant. See *Cross* v. *Huff*, 208 *Ga.* 392 (67 S. E. 2d 124). The words in the probation feature of a sentence, "and maintain a correct life," were held, in *Morgan* v. *Foster*, 208 *Ga.* 630 (68 S. E. 2d 583),

too vague and indefinite to be the basis for an order revoking a probationary sentence, but there is a vast difference between determining what is a "correct life," which the defendant must maintain, and what is a "law of Georgia," which he must not violate. There is no crime in Georgia other than one made so by statute, and every person is presumed to know the laws, the violation of which constitutes a crime. Accordingly, the sentence was sufficiently definite to serve as the foundation for this proceeding.

■ It is further contended that the sentence should not be revoked unless it be shown that the defendant has been *convicted* of a violation of the laws of Georgia for the transaction upon which the revocation hearing is based. This contention is unsound. It is not the record of conviction, but the fact of guilt, which determines whether the probation should be revoked, and "in determining this question the trial judge is not bound by the same rules of evidence as a jury in passing upon the guilt or innocence of the accused in the first instance. It is not necessary that the evidence support the finding beyond a reasonable doubt, or even by a preponderance of the evidence. The judge is the trior of the facts. He has a very wide discretion." *Allen* v. *State,* 78 *Ga. App.* 526, 528 (51 S. E. 2d 571). This contention is without merit.

■ The remaining assignments of error in the application for certiorari are but the general grounds or amplifications thereof. The evidence at this hearing showed that the defendants had been convicted in 1952 of engaging in lottery operations, and that at the time of the original offense they were in a lottery headquarters with a group of men, one of whom, along with both defendants, was a part of a group of eight men seen at the time of the raid of September, 1953, on which this hearing is based. On the latter occasion, a raid was made upon a certain house; the police officers heard a great commotion inside, and saw the persons leaving on the other side of the house, and saw and recognized the defendants with the fleeing group which had come from the direction of the house. On the side from which they were running there was no other house close by from which these defendants might have been coming. On entering the house they found the same type of lottery equipment therein which

they had found in the house on which the raid was made in 1952, and which was the basis of the original conviction. All of this, although circumstantial, constituted evidence from which an inference might have arisen that the two defendants, as well as the other person seen with them on both occasions, were among those engaged in conducting a lottery at the time of the raid, and for that reason they fled with the others who left the house and lottery equipment upon the approach of the officers. As stated in *Waters* v. *State*, 80 *Ga. App.* 105 (55 S. E. 2d 677): "In a proceeding for the revocation of a probation sentence the trial court has a wide discretion and only slight evidence will support a judgment of revocation. This court will not interfere unless a manifest abuse of this discretion appears."

There was no error of law, and no abuse of discretion, in the order revoking the probation features of the sentences, for which reason the judge of the superior court did not err in overruling the petitions for certiorari.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*