GERALD REINMUTH, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

80 N. W. 2d 874

Filed February 8, 1957. No. 34130.

John Peetz, Jr., and F. L. Balderson, for plaintiff in error.

Clarence S. Beck, Attorney General, and Homer G. Hamilton, for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is a criminal action wherein in an information filed in the district court for Cheyenne County, Nebraska, Gerald Reinmuth, plaintiff in error, who will be hereinafter referred to as the defendant, was charged with the criminal offense of breaking and entering an automobile. To the information the defendant entered a plea of guilty. On April 26, 1956, the court, without pronouncing sentence and agreeable to the terms of sections 29-2217 to 29-2219, R. R. S. 1943, placed the defendant on probation for a period of 3 years.

The conditions of the probation were: That the defendant should indulge in no unlawful, dishonest, injurious, or vicious habits; that he should avoid places and persons of disreputable or harmful character; that he should abstain from the use of alcoholic beverages if the use of the same contributed to his offense; that he should remain and reside in Scotts Bluff County; that he should pay a fine of $200 and costs in installments within 6 months; and that he should report to his probation officer.

Thereafter on June 19, 1956, the county attorney filed in the action an information charging that the defendant had violated the conditions of his parole. The violations charged were that he refused and neglected to refrain from indulging in unlawful, dishonest, and injurious habits; that he failed and refused to avoid persons and places of a disreputable and harmful character; that he failed to remain and reside in Scotts Bluff County; that he failed to abstain from the use of alcoholic beverages; that he failed to pay the fine and costs except $10; and that on June 18, 1956, he was caught stealing clothes while in a state of intoxication at the Sioux Ordnance Depot, Sidney, Cheyenne County, Nebraska.

On July 18, 1956, a trial was had on the charges contained in the information for violation of probation. At the conclusion of the trial the court found that the defendant had violated his probation. Thereupon he was

sentenced to serve a term of not less than 18 months nor more than 2 years in the State Reformatory for Men at Lincoln, Nebraska. A motion for new trial was filed which was overruled.

From the judgment and sentence and the ruling on the motion for new trial the defendant has brought the case to this court for review by petition in error. By the petition he contends that there was error in the proceedings of the district court entitling him to a reversal of the judgment and sentence.

As grounds for reversal the defendant has set forth in his brief seven assignments of error. The first three will be considered collectively since all of them relate to the question of whether or not the evidence was sufficient to sustain the charge that the defendant violated the conditions of his probation or some of them.

The evidence in support of the charges contained in the information that the defendant failed to refrain from unlawful, dishonest, and injurious habits and that he was caught stealing clothes stands without contradiction. Witnesses testified that the defendant was apprehended in Barracks 14 at the Sioux Ordnance Depot in Cheyenne County, Nebraska, in possession of certain clothes belonging to one Louie Lawrence which he had taken from Room 2 in the barracks, which was the room occupied by Lawrence. The taking was without the consent of Lawrence. The defendant admitted the taking.

The defendant testified that an unnamed person had told him that the room described was his and had asked defendant to go there and get the clothes.

It is clear that the trial court did not accept the defendant's story as true, but on the contrary came to the conclusion that the act of taking by the defendant was larcenous. This the court had a right to do in the light of the evidence summarized, and the evidence of the conduct of the defendant at the time and the surrounding circumstances, which we do not deem necessary to repeat here. The evidence of the State was of probative value.

It showed a violation of the probationary condition that the defendant should not indulge in unlawful, dishonest, or injurious habits.

This court said in Sellers v. State, 105 Neb. 748, 181 N. W. 862: "Any probative evidence showing a violation of probationary conditions by conduct sufficient to convince the district court that defendant will not refrain from criminal acts in the future without punishment will sustain the revocation of a parole." See, also, Carr v. State, 152 Neb. 248, 40 N. W. 2d 677.

It appears to be the contention of the defendant made by the fourth assignment of error that in a case where the act or acts set forth as ground for vacation of probation are criminal in character the venue of the act or acts charged must be proved. No authorities are cited which sustain this view. We think there are none, and in reason none should obtain. Reprehensible conduct is made the basis for revocation of probation, and where the conduct is sufficiently proved enforcement of the provisions of the probationary statute should not be denied because of failure of proof that the act or acts complained of took place on a particular side of a county line. See Carr v. State, *supra*. This is a sufficient answer also to the seventh assignment of error.

By the fifth assignment of error it is contended substantially that inquiry of witnesses as to possession and use of intoxicating liquor was improper. The contention is without merit, especially in view of the contents of the probationary order and the information for violation thereof.

In Young v. State, 155 Neb. 261, 51 N. W. 2d 326, it was pointed out that the matter of placing a defendant on probation resides in the discretion of the trial court, and in the exercise of that discretion it has broad powers of inquiry as to facts and circumstances and other obtainable information. In that case it is also pointed out that in the event of application for revocation of probation the court has like broad powers of inquiry which it

may exercise in determining whether or not the probation should be revoked.

It cannot well be said that evidence as to the use, extent, and apparent effect of use of intoxicating liquor is not a proper area of inquiry in determining whether or not probation should be granted or if granted, whether or not it should be revoked.

The sixth assignment of error, to the extent necessary to consider it herein, relates to two questions asked of the defendant with regard to previous criminal record. The first question was asked and objection to it was made. The objection was sustained. Under these circumstances error may not be claimed. The defendant was then asked if he had ever been convicted of a felony. Over objection he answered "Yes."

In this no error was involved. The question was one which could be asked with propriety for impeachment purposes. The right is declared by section 25-1214, R. R. S. 1943, as follows: "A witness may be interrogated as to his previous conviction for a felony, but no other proof of such conviction is competent except the record thereof."

In Latham v. State, 152 Neb. 113, 40 N. W. 2d 522, this court pointed out that the rule has application to a defendant in a criminal case who has become a witness in his own behalf. Following a quotation of the statute this court said: "A defendant in a criminal case who becomes a witness subjects himself to the rules applicable to other witnesses."

Finding no prejudicial error the judgment of the district court is affirmed.

AFFIRMED.

CHAPPELL, J., participating on briefs.