111 Ga. App. 619 (1965)
142 S.E.2d 387
BARNUM
v.
THE STATE.
41269.
Court of Appeals of Georgia.
Submitted April 6, 1965.
Decided April 13, 1965.
Rehearing Denied April 29, 1965.
Warren C. Fortson, for plaintiff in error.
Charles Burgamy, Solicitor General, contra.
NICHOLS, Presiding Judge.
John L. Barnum, Jr., the probationer, was sentenced to serve a term of not less than three years and not more than three years and paroled upon condition that he not violate any State law. During the period that such sentence was being served on probation he was charged with the offense of "Driving UI and Speeding" four miles north of Leesburg, Georgia, in Lee County, on State Route #195. To such charge he entered a plea of nolo contendere. Thereafter, the probationer was arrested and a hearing was held upon the question of whether he had violated the terms of the probated sentence.
On such hearing the solicitor unsuccessfully sought to introduce the records and plea of nolo contendere to show the violation of a State law. However, the trial court did permit the officer who had arrested the defendant, on the occasion of such charges being made, to testify over objection as to the facts which caused him to arrest the probationer and upon such testimony the probation was revoked. Error is now assigned on the judgment revoking the probation upon the ground that the trial court erred in admitting the evidence of the arresting officer over objection. Held:
1. "The hearing on the application for the revocation of probation has no relation to the separate indictments charging the same criminal conduct as that upon which the probation sentence is sought to be revoked." Blaylock v. State, 88 Ga. App. 880 (5) (78 SE2d 537). "It is not the record of conviction, but the fact of guilt, which determines whether the probation should be revoked." Bryant v. State, 89 Ga. App. 891, 894 (81 SE2d 556). A hearing may be held, and the probation revoked, before the separate criminal charges are heard (Blaylock v. State, supra), and while a plea of nolo contendere may not be the basis of a civil disqualification (see Nelson v. State, 87 Ga. App. 644, 75 SE2d 39), the revocation of probation is not a civil disqualification and in no wise depends upon the conviction on the separate criminal charge.
2. Evidence of the probationer's conduct which brought about the separate criminal charges, to which he was permitted to enter a plea of nolo contendere, is admissible in evidence upon the hearing to determine whether his probation should be revoked.
*620 3. The evidence of the arresting officer was sufficient to authorize the judgment revoking the probation.
Judgment affirmed. Eberhardt and Pannell, JJ., concur.