STATE OF IOWA, appellee, v. THOMAS C. RATH, appellant.

Nos. 51830
51831.

(Reported in 139 N.W.2d 468)

JANUARY 11, 1966.

Martin D. Hill and O'Connor, Thomas, Wright, Hammer & Bertsch, all of Dubuque, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Robert W. Burns, of Dubuque, County Attorney, for appellee.

MASON, J. —April 5, 1965, defendant Thomas C. Rath was found guilty upon his plea of guilty of the crime of breaking jail and escaping in violation of section 745.8, Code, 1962. He was sentenced by the Dubuque County district court to be confined in the state reformatory at Anamosa for a term not exceeding one year. The same day the court revoked a suspended sentence previously granted on a conviction of breaking and entering and ordered defendant confined in accordance with its original judgment.

Defendant appeals, seeking review of the jail-breaking conviction and of the trial court's order revoking the suspended sentence for breaking and entering.

March 4, 1964, defendant had been found guilty upon his plea of guilty to the crime of breaking and entering in violation of section 708.8, Code, 1962, and sentenced to the state penitentiary for a term not to exceed ten years. The same day the court suspended execution of the sentence, pending defendant's good behavior, Code section 247.20, and placed him under the care, supervision and control of the state board of parole, section 247.21(2).

November 27, 1964, defendant was placed in the Dubuque County jail by an agent of the state board of parole as the result of a probation violation.

December 7, 1964, defendant was not found in the county jail and on December 9 he was charged by county attorney's information with breaking jail and escaping, Code section 745.8.

March 3, 1965, defendant filed a motion to set aside the county attorney's information on the grounds the evidence as shown by the assistant county attorney's bill of particulars revealed defendant's acts did not constitute the offense charged as defendant was not lawfully confined in the county jail upon a proper criminal charge at time of his alleged escape, the information shows upon its face defendant was falsely imprisoned and illegally deprived of his liberty and such unlawful confinement constituted a complete defense and bar to the offense charged in the information.

March 10, 1965, the trial court overruled defendant's motion holding he was confined in jail for breaking and entering of which he had been convicted and sentence had been suspended. March 30, 1965, defendant changed his plea from not guilty to guilty and on April 5 the court found defendant guilty upon his plea and sentenced him to the state reformatory at Anamosa for a term not exceeding one year. On the same day the court revoked defendant's suspended sentence of March 4, 1964, and ordered him confined in the state penitentiary at Fort Madison for a term of not more than ten years. In its order the court found that on March 30, 1965, defendant pleaded guilty to the

breaking jail and escaping charge in violation of the condition of his parole requiring good behavior.

Defendant contends the court erred: (1) In holding he was lawfully confined in Dubuque County jail at the time of his alleged escape without (a) a written order from the state board of parole, (b) revocation of his suspended sentence, and (c) an information or indictment for parole violation; (2) in holding defendant was confined in the county jail upon a "criminal charge", to-wit: breaking and entering of which defendant had been convicted, sentence suspended and parole granted; and (3) in revoking defendant's suspended sentence on the breaking and entering conviction.

Defendant argues the confinement was not by virtue of any written order of the board of parole pursuant to section 247.11, Code, 1962, nor by virtue of a revocation of his suspended sentence as authorized by section 247.26, nor was defendant confined under any written charge by information or indictment for parole violation, but rather at the request of his parole agent. These facts may be conceded.

I. Defendant contends the court erred in revoking his suspended sentence on the breaking and entering charge when it gave as a reason in the order of April 5, 1965, defendant's conviction on the breaking jail and escaping charge. He argues if defendant was not guilty of the breaking jail and escaping charge, the court's revocation of his suspended sentence was not based upon sound judicial discretion and cannot stand.

■ ■ Granting a bench parole under section 247.20 is a matter of grace and forbearance on the part of the sovereign. Defendant acquired no vested rights thereunder. Pagano v. Bechly, 211 Iowa 1294, 1298, 232 N.W. 798, 800; Lint v. Bennett, 251 Iowa 1193, 1196, 104 N.W.2d 564, 566; Curtis v. Bennett, 256 Iowa 1164, 1167, 131 N.W.2d 1, 3. Whatever rights defendant acquired by reason of the parole are necessarily limited and controlled by these provisions of section 247.26:

"Revocation of parole. A suspension of a sentence by the court as herein provided may be revoked at any time, without notice, by the court or judge, and the defendant committed in obedience to such judgment."

572

When the court grants a parole under 247.20 he in effect says to the defendant, " 'I will suspend your sentence during good behavior, but reserve the power to revoke this suspension of sentence and parole at any time I may see fit without notice to you.' " Pagano v. Bechly, supra. Cited with approval in Lint v. Bennett, supra. A court having the power to make an order suspending the execution of its judgment in criminal cases, necessarily, upon violation of such order, has the power to revoke the same and to enforce the original judgment by commitment. Bennett v. Bradley, 216 Iowa 1267, 1271, 249 N.W. 651, 652.

█ When the defendant did not object to the suspension of his sentence, it remained unexecuted during such suspension and can be satisfied only by serving the imprisonment imposed, unless remitted by death or some legal authority. Bennett v. Bradley, supra, and citations.

"The court favored the defendant at the time of parole and suspension of sentence. And this the court had a right to do under our statute. The suspension was a matter of grace and the defendant took it subject to the condition that the sentence be suspended only during his good behavior." Bennett v. Bradley, supra. Section 247.28, Code, 1962, provides whoever while on parole shall violate any condition of his parole shall be guilty of a felony.

█ The action of the trial court was not an abuse of discretion. We find no merit in the contention here considered.

█ II. Defendant in his first and second assignments of error argues the judgment of conviction for jailbreak should be reversed in that the information charging the offense, as clarified by the State's bills of particular, showed on its face a lack of certain essential elements of the offense, to-wit: lawful confinement in the jail upon a criminal charge at the time of the break. He contends the lower court erred in overruling his motion to dismiss the information.

Statements of fact in a, b and c of defendant's first assignment of error, supra, may be conceded. We cannot accept the conclusion he draws from these facts. Defendant was confined in the county jail at the direction of his parole agent.

Code section 247.24 as amended (Acts 60th G. A., chapter 159, section 5) provides: "Parole agent as peace officer. Any agent or investigator appointed by the board of parole for the purpose of making investigations and of apprehending and returning persons granted a parole or probation under the jurisdiction of the board to any institution, shall, while engaged in such duty or work, have all the powers of peace officers."

Granted this power the act of the parole agent in confining defendant in the county jail was legal.

■ Although placed on probation defendant was still constructively and in legal contemplation a prisoner of the State in legal custody and under control of the board of parole, not free from its legal restraint although otherwise at liberty. The legal incarceration imposed by the sentence on the breaking and entering conviction had been replaced with a conditional freedom under the board's control. The granting of a parole did not change his status as a prisoner. Defendant was not discharged but merely permitted to serve the remainder of his sentence outside rather than within the prison walls, pending good behavior. The suspension of sentence simply pushed back the prison walls for him, allowing him wider mobility and greater personal opportunity while serving his sentence.

A parole officer's physical apprehension of his prisoner for suspected violation of parole is a mere transfer of the subject from constructive custody into actual or physical custody.

■ It is unnecessary for a parole officer to apply for a warrant or order to arrest a parolee who already is a prisoner and who is at all times in custodia legis. People v. Denne, 141 Cal. App.2d 499, 297 P.2d 451, 456–458, and citations.

If the delay from November 27 to December 7 was distasteful, other remedies were available, not to take matters into his own hands and break jail.

The action of the trial court in overruling defendant's motion to dismiss the information was correct.

The cause is affirmed.—Affirmed.

All JUSTICES concur except JUSTICE BECKER who takes no part.