STATE of Iowa, Appellee,

v.

Huie Ernest KRANA, Appellant.

No. 52936.

Supreme Court of Iowa.

June 11, 1968.

Rehearing Denied Sept. 4, 1968.

Jesse, LeTourneau & Johnston, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and R. K. Richardson, County Atty., for appellee.

MOORE, Justice.

On November 9, 1966 an indictment was returned charging defendant, Huie Ernest Krana, with larceny in violation of Code section 709.1 and with being an habitual criminal as defined in section 747.1. On December 16, 1966 defendant's attorney, Robert Beebe, filed a demurrer to that portion of the indictment charging defendant as an habitual criminal. It asserted the alleged former convictions of fraud and larceny by trick were not within the felonies listed in section 747.1. This demurrer was sustained by the trial court on January 3, 1967 "without prejudice to prosecution on the main charge."

Defendant and Mr. Beebe appeared on trial date, March 1, 1967 and after considerable plea bargaining a county attorney's information was filed charging defendant with conspiracy to commit larceny in violation of section 719.1. By agreement of defendant and his attorney the same minutes as attached to the indictment were made a part of the county attorney's information. Subsequent to a conference between defendant and his attorney they returned to the courtroom and defendant entered a formal plea of guilty to the charge in the information. The trial court accepted the plea and set May 12, 1967 as date for sentence with the announced purpose of having a presentence investigation made and also to allow defendant time after the birth of his expected child.

On May 12 defendant with his new and present attorney, Mr. Jesse, appeared and moved to withdraw his plea of guilty pursuant to section 777.15. This request was denied by the court. Thereafter defendant's request for a bench parole was heard and considered. The court than imposed the not more than three year term of imprisonment provided by section 719.1 and a bench parole was not granted. Defendant has appealed.

Defendant seeks a reversal on two grounds, (1) the trial court abused its discretion in refusing withdrawal of his guilty plea before judgment was entered and (2) the court erred in not considering on its merits and not granting his request for a bench parole.

The minutes of testimony attached to the indictment and to the county attorney's information disclose that between 4:30 and 4:50 a.m., September 28, 1966 a cigarette vending machine in the vestibule of Schoppe's Cafe on Highway 30 in Jeffer-

son was opened and approximately $80.50 in change taken. The attendant of the service station immediately adjacent to the cafe, Harm Weers, testified defendant, Jerry Dean Baker and Robert Wayne Baclet drove into his station at 4:15 a.m. and ordered gas for their Chevrolet half-ton pickup truck. He observed the three enter the cafe vestibule. Two witnesses in the cafe observed the three men in the vicinity of the machine.

The pilfered machine was discovered about 4:50 a.m. The Jefferson police were notified immediately and a radio alert was put on the Chevrolet truck. Later the truck was halted at a roadblock in Denison and the three men were arrested. All three were returned to Jefferson and pursuant to issuance of two search warrants the truck and their luggage were searched. Two bags containing small change and two other bags containing various vending machine keys were discovered. One of these keys was later found to fit and unlock the cigarette vending machine at Schoppe's Cafe. Robert Baclet, later testifying before the grand jury, admitted that he, Baker and defendant Krana committed the larceny. Thus defendant was faced with the testimony of an accomplice.

Apparently prior to March 1, Mr. Beebe had conferred with the county attorney, Mr. Richardson, regarding the possibility of defendant pleading guilty to a lesser charge. On that date in open court the county attorney informed defendant he had agreed with his counsel to allow him to plead guilty to the crime of conspiracy to commit larceny in lieu of the charge returned by the grand jury. Maximum imprisonment under the larceny charge is five years, while the maximum under the conspiracy charge is three. The county attorney clearly indicated he would not allow a later plea to conspiracy if defendant went to trial on the larceny charge. The court then indicated any question of parole would be for the parole board and stated if defendant pleaded guilty he would postpone sentence for over two months until after defendant's wife gave birth to their expected child.

The record discloses defendant apparently mistakenly believed his trial had been set for sometime in April. He requested the court to postpone trial to the next day for personal reasons. The court expressed concern over the expense of holding the entire jury panel over an additional day. The court's remarks include: "I am not trying to use any influence on you. You do as you please. You are the one that makes the decision."

The following colloquy took place:

"Mr. Richardson: Your Honor, I don't in any way want to make this sound to Mr. Krana like some kind of deal with the Court. I would recommend this to the Court, if this be the case, but I don't want him to walk out of here thinking he has some deal with the Court.

"The Court: No, he hasn't.

"Mr. Richardson: I don't want any coercion to force you to plead to this.

"The Court: You don't have to plead. You can fight it if you want to. You know a lot more about it than I do.

"Mr. Huie Ernest Krana: I would like to have about two minutes to give you an answer.

"The Court: Certainly."

After a recess of eighteen minutes defendant and his attorney returned to the court room and upon arraignment on the conspiracy charge defendant was asked by the court: "What is your plea, sir?" To which defendant personally answered: "Guilty of conspiracy."

I. Mr. Jesse's request to withdraw the plea of guilty was on the grounds defendant had a substantial defense to the charge and that to deny his request would prejudice defendant's rights. In response to the trial court's question Mr. Jesse stated no claim was being made defendant had been represented by incompetent counsel.

Section 777.15 provides: "Withdrawal of plea of guilty. At any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted."

In considering this statute in State v. Machovec, 236 Iowa 377, 382, 17 N.W.2d 843, 846, we said: "The statute does not state that the defendant may withdraw the plea of guilty. The word 'may' refers to the authority of the court to permit such withdrawal. If the word 'may' is given its usual meaning, the clause 'the court may permit the plea of guilty to be withdrawn' clearly implies that discretion is lodged in the court and does not give a defendant an absolute right to withdraw such plea. Nor is there anything in the language of the statute or the context which would indicate any legislative intention that the word 'may,' as here used, should be interpreted other than as conferring discretion upon the court to permit the withdrawal of such plea. The meaning of the statute is too clear to require extended discussion. We are satisfied it does not give a defendant an absolute right to withdraw a plea of guilty before judgment, and that our decisions to the contrary are erroneous in principle."

 The rule is now clear that if a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion, the court may without abusing its discretion refuse to permit its withdrawal. State v. Bastedo, 253 Iowa 103, 111, 112, 111 N.W.2d 255, 260; 21 Am.Jur.2d, Criminal Law, section 505, pages 497, 498; Anno. 66 A.L.R. 638. The record before us supports the conclusion the requisites of the rule existed when defendant entered his plea of guilty. We do not find the trial court abused his discretion in refusing withdrawal of that plea.

II. Defendant next asserts the trial court erred in failing to consider his request for a bench parole on the grounds the court erroneously believed defendant was ineligible for probation. He also argues his request for a bench parole should have been granted.

In an early statement on March 1 the court stated the question of a parole would be for the parole board after the defendant served 11 months. On accepting defendant's guilty plea the court did, however, indicate a bench parole would be considered as a pre-sentence investigation was ordered.

Before sentence was pronounced on May 12, the trial court listened to a lengthy plea by Mr. Jesse that defendant be granted a bench parole. He emphasized defendant was the father of a nine day old daughter, was regularly employed as a truck driver and was obviously repentant since he had been cooperating with law enforcement authorities in furnishing information concerning various unsolved crimes in the state.

Thereafter the following colloquy took place:

"The Court: Mr. Sheriff, you weren't satisfied with any cooperation you received from this man, were you?

"Sheriff Roland Riley: No, sir, I wasn't.

"The Court: Do you wish to resist this application for bench parole?

"Mr. Richardson: I do, your Honor.

"The Court: You do not recommend it?

"Mr. Richardson: I do not recommend it, no."

Sentence was then imposed.

It is obvious the trial court was fully aware of his discretionary power to grant or withhold a bench parole regardless of defendant's two prior convictions.

 Trial courts have broad discretion in the granting or withholding of

bench paroles and an appellate court will seldom interfere with their determination of such matters. State v. Boston, 233 Iowa 1249, 1257, 11 N.W.2d 407, 411; 24A C.J.S. Criminal Law § 1794, pages 405, 406; 21 Am.Jur.2d, Criminal Law, section 566, page 535. Granting a bench parole is a matter of grace. State v. Rath, 258 Iowa 568, 571, 139 N.W.2d 468, 470. We have pointed out many times the trial court is ordinarily in a better position than we to determine what sentence should be imposed. State v. Cupples, Iowa, 152 N.W.2d 277, 280, and citations. We are not persuaded the trial court abused its broad discretion in denying defendant's request for a bench parole.

The judgment of the trial court is

Affirmed.

All Justices concur except RAWLINGS, J., who takes no part, and MASON, J., who dissents.