**Frank Douglas TEEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42093.**

Court of Criminal Appeals of Texas.

May 21, 1969.

---

2. For a discussion of the problem of effective assistance of retained counsel, see

No Attorney of Record on Appeal, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Appellant pleaded guilty to the offense of burglary and, on November 3, 1967, was assessed a term of three years in the Texas Department of Corrections.

Imposition of sentence was suspended and probation was granted, one of the conditions being that he commit no offense against the laws of this or any other state, or the United States.

On December 4, 1967, the district attorney filed motion to revoke said probation alleging that appellant committed the offense of burglary on or about December 2, 1967.

On January 5, 1968, the trial judge, after hearing, found that appellant had violated the terms of his probation in that he had committed the offense of burglary and ordered said probation revoked.

An appeal from such order revoking probation was dismissed, in our Cause No. 41,-687, as premature in that no sentence ap-

Breedlove v. Beto, 404 F.2d 1019 (November 29, 1968) (5th Cir.), Footnote 1.

peared in the record. (Teel v. State, Tex. Cr.App., 432 S.W.2d 911)

Following the issuance of mandate in said cause, sentence was pronounced by the trial judge. Notice of appeal was given and the appeal was filed in this court as Cause No. 42,093. Neither of the records on appeal includes the evidence adduced at the revocation of probation hearing. We find nothing in either record to show or suggest that the trial judge abused his discretion in revoking appellant's probation.

The judgment is affirmed.

DOUGLAS, J., not participating.