**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Albert LAUCHLI, Jr., Defendant-Appellant.**

**No. 18017.**

United States Court of Appeals,
Seventh Circuit.

May 6, 1970.

As Amended May 20, 1970.

Terence F. MacCarthy, Chicago, Ill., Edward G. Coleman, Springfield, Ill., for defendant-appellant.

Frank J. Violanti, U. S. Atty., Springfield, Ill., for plaintiff-appellee.

Before MAJOR and CASTLE, Senior Circuit Judges, and KILEY, Circuit Judge.

PER CURIAM.

Petitioner Lauchli appeals from a district court judgment revoking his probation. We affirm.

Lauchli was sentenced to 2½ years imprisonment upon his conviction for several violations of the National Firearms Act, 26 U.S.C. § 5801 et seq. Sentence was suspended for other violations of the same Act, and he was placed on probation for four years to begin at the expiration of his sentence. Lauchli's probation began March 16, 1969. He was arrested on April 17, 1969 for similar offenses[1] and, after a hearing, his probation was revoked. This appeal followed.

At the revocation hearing a government agent testified to his dealings with Lauchli in March and April, 1969, during which he was shown submachine guns and silencers by Lauchli in the latter's home. He also testified that he purchased a number of these submachine guns and silencers from Lauchli. The agent test-fired two of the silencers. They worked. Later he purchased replacement barrels from Lauchli for the submachine guns, and test-fired them. They also fired properly.

Lauchli admitted the sales. He contends here that if he had complied with the formal firearm law registration and transfer requirements, the information given would have forced him to incriminate himself in the revocation hearing

---

1. These included violations of 26 U.S.C. §§ 5801 and 5871, 18 U.S.C. §§ 1201–02, and Ill.Rev. Stat. ch. 38, § 24–3.1 (1969).

in violation of his Fifth Amendment right; that the weapons purchased from him did not technically fall within the definitions of the statutes; that what he sold the agent were not silencers but were lawful sales of "flash suppressors"; that he "clearly" did not violate the Illinois act regulating possession of firearms; that various sections of the relevant federal statutes are unconstitutional in violation of the Second Amendment right to "keep and bear arms"; that use of an electronic eavesdropping device in obtaining evidence against him violated his Fourth Amendment right; and that the court should not consider testimony taken at the probation revocation hearing since he was not then represented by counsel.

■ The government agent gave direct testimony of his dealings, observations and purchases with respect to Lauchli's weapons and silencers. It is of no relevance to the issue of revocation whether if Lauchli had complied with the law regarding registration and transfer of firearms, the information given might have been used against him. No self-incriminating evidence was introduced against him at the revocation hearing in violation of his Fifth Amendment right.

■ The government was not required, in order to sustain the revocation, to prove beyond a reasonable doubt that Lauchli was guilty of the offenses for which he, as a probationer, was arrested. He was at liberty as a matter of grace, and the district court was empowered with discretion to determine whether, on the evidence, Lauchli's probation should be revoked. Burns v. United States, 287 U.S. 216, 220, 53 S.Ct. 154, 77 L.Ed. 266 (1932).

Lauchli admitted at the hearing that what the agent testified to was true. The court need not have decided that the guns were technically firearms under the statutory definition of firearms, or the "flash suppressors" were really si-

lencers. Although the formal condition of probation was non-violation of "any law," revocation is justified where Lauchli's conduct, so soon after probation was granted, was inconsistent with the reformation and rehabilitation objectives of probation policy. See Reed v. United States, 181 F.2d 141 (9th Cir.), cert. denied, 340 U.S. 879, 71 S.Ct. 116, 95 L.Ed. 639 (1950); Dillingham v. United States, 76 F.2d 35 (5th Cir. 1935). There is no abuse of discretion shown on this record.

We cannot decide in this proceeding the constitutional validity of the statutes under which Lauchli was originally convicted. The only question for us is whether the district court abused its discretion in deciding that revocation will serve the ends of justice and the best interests of both the public and the defendant. Burns v. United States, 287 U.S. at 222, 53 S.Ct. 154.

■ Furthermore, the issue of whether the government unlawfully used an eavesdropping device to gather evidence against Lauchli is beside the point here. If the device was used, no evidence gathered by its use was introduced at the revocation hearing.

■ Finally, we have not considered any transcript of the revocation proceedings at which Lauchli was not represented by counsel. We reject as unfair and ridiculous Lauchli's pro se brief claim that he was denied competent counsel at the revocation hearing. He was quite competently represented by court-appointed counsel.

Both Attorney Edward G. Coleman of Springfield, Illinois, who represented Lauchli in the district court and filed appellant's brief in this court, and Attorney Terence F. McCarthy of Chicago, who argued the appeal for Lauchli, have rendered highly professional and dedicated service as court-appointed counsel in behalf of Lauchli. The court expresses its thanks to each of the attorneys.