**Richard Louis TORAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43691.**

Court of Criminal Appeals of Texas.

April 27, 1971.

Stephen T. Elder, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Bill Miller, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation.

On June 12, 1967, the appellant plead guilty to a charge of burglary and the court assessed a penalty of eight years and granted probation.

Among the terms of the appellant's probation were the conditions that he commit no offense against the laws of this or any other state or the United States.

The State, in its amended motion to revoke probation, alleged that the appellant violated the terms and conditions of his probation in that he committed the offense of robbery by firearms on May 15, 1969, that on June 7, 1968, he committed the offense of assault with intent to rob, and that on March 10, 1969, he committed the offense of aggravated assault upon a peace officer.

At the hearing, C. J. Derry testified that on June 7, 1968, the appellant came into his grocery store in Houston, threatened him with a pistol, and demanded his money; that he was able to knock the gun from the appellant's hand; that they began fighting; and that the appellant ran when a customer, Leo Jones, came in and threatened him with a shovel.

Jones testified that he saw a person fighting with Derry and who ran off when he grabbed a shovel, but that he did not see the person's face and could not identify the appellant.

J. E. Baker, a Houston police officer, testified that on March 10, 1969, he went to the appellant's home in response to a report of a family disturbance there. After talking with the appellant's wife, they determined that she had called for assistance because they were fighting and the appellant was hitting her. The appellant entered the room and ordered them out of the house. The appellant's wife requested that the officers assist her in leaving the house and that they go into the bedroom and get her eyeglasses. When Baker attempted to do this, the appellant jumped on his back and hit him several times. He further testified that the appellant appeared to be intoxicated.

The appellant took the stand and denied having committed either offense. He admitted that the police came to his house, but he denied that he hit the officer.

The appellant's wife testified that she did not see him hit the officer and that there were no financial reasons for the appellant to commit a robbery.

The State's evidence at the hearing was sufficient for the court to find that the appellant had committed the offenses of assault with intent to rob and aggravated assault upon a police officer.

The appellant's sole ground of error is that the hearing on the motion to revoke probation was held prior to the disposition of the criminal charges alleged in the motion.

Evidence of the offenses was properly presented before the trial judge, and final determinations concerning the alleged offenses were not necessary. Shelby v. State, Tex.Cr.App., 434 S.W.2d 871; Teel v. State, Tex.Cr.App., 440 S.W.2d 671. Under these facts there was no abuse of discretion for the trial judge to revoke probation.

There being no reversible error, the order revoking probation is affirmed.