**STATE of Iowa, Appellee,**

v.

**Freddie Lee HUGHES, Appellant.**

**No. 54565.**

Supreme Court of Iowa.

Sept. 19, 1972.

Thomas A. Renda, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and Ray Fenton, Polk County Atty., for appellee.

UHLENHOPP, Justice.

The question in this appeal is whether the trial court validly revoked defendant's probation.

A jury found defendant Freddie Lee Hughes guilty of uttering a forged instrument. The court sentenced him to the Iowa Men's Reformatory for a term not exceeding ten years, but suspended the sentence, granted him probation, and committed him to the supervision of the Iowa Bureau of Adult Correction Services. The Bureau prescribed conditions of probation for defendant to observe. See Code, 1971, §§ 247.20, 247.21.

Subsequently the parole agent who supervised defendant for the Bureau made a

written report to the Bureau stating in substance that defendant violated rule 2 of the parole conditions, relating to residence, rule 3, relating to employment, and rule 6, relating to obedience to law. As to the latter, the report stated that defendant committed armed robbery at a Super Valu store and that he admitted committing four other robberies. The parole agent recommended revocation of probation. The probation administrator of the Bureau concurred in the recommendation and forwarded the report to the trial court.

The trial court ordered a hearing on the issue of revocation of probation and directed that notice be given to defendant and his attorney. Defendant and his attorney appeared at the hearing. The parole officer's report was before the trial court and the parties, but was not offered or admitted in evidence. The State did, however, introduce evidence by way of the testimony of two witnesses.

One witness was the probation administrator of the Bureau. Defendant objected to testimony by that witness regarding the contents of the report, as not based on personal knowledge. The trial court allowed the witness to testify subject to the objection. The witness testified that he once talked to defendant about defendant's lack of employment. He further testified that defendant's other major violation was failure to report to the parole officer as instructed, and that he was aware defendant had been charged with robbery with aggravation.

The other witness was a police officer. This witness testified he was at a "stake out" at the Super Valu store where the robbery occurred, but that he did not see the actual robbery. Over defendant's overruled objection of hearsay, the witness was permitted to testify that two fellow officers told him they saw the whole thing. The witness then testified from personal knowledge that he saw defendant and one Lamar at the back of the store and asked them to come out with their hands behind their heads, which they did; defendant was advised of his constitutional rights and said he understood them; defendant said his and Lamar's guns and two money bags were stuffed on shelves; the guns and bags were found where defendant said they were; defendant asked how much money was in the bags, was told $10,000, and sighed and said he thought they would get $3,000; and defendant was arrested at the site.

Defendant produced no evidence at the revocation hearing. At the conclusion of the hearing, the trial court stated of record that its position was a preponderance of the evidence showed defendant was involved in an armed robbery. Accordingly, the court revoked defendant's probation and committed him to the reformatory. Defendant appealed.

In this court defendant urges three points: the trial court should have rendered an opinion and conclusions of law, should not have permitted testimony of a robbery for which defendant had not been convicted, and should not have admitted the parole officer's report in evidence without that officer present for cross-examination.

Defendant does not contend that notice, hearing, and counsel were not afforded. Thus we do not have a situation analogous to Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, or Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. See Annot. 44 A.L.R.3d 306. Here defendant's contentions relate to the conduct of a hearing which was in fact held. His contentions involve ground rules governing such a hearing.

■ Our statutes do not prescribe procedure for revocation hearings. Our decisions clearly indicate, however, that such proceedings are considerably different from criminal trials and considerably less formal. Pagano v. Bechly, 211 Iowa 1294, 232 N.W. 798; State v. Bufford, 231 Iowa 1000, 2 N.W.2d 634; Lint v. Bennett, 251 Iowa 1193, 104 N.W.2d 564; Curtis v.

Bennett, 256 Iowa 1164, 131 N.W.2d 1; State v. Rath, 258 Iowa 568, 139 N.W.2d 468; Cole v. Holliday, 171 N.W.2d 603 (Iowa); Gardels v. Brewer, 190 N.W.2d 803 (Iowa). The courts generally hold that in the absence of statutorily prescribed procedure, hearings may be summary and informal. Annot. 29 A.L.R.2d 1074, 1107–1113, 1114; 24 C.J.S. Criminal Law § 1618(11)(d) at 912–913. See Morrissey v. Brewer, supra, 408 U.S. at 480, 92 S.Ct. at 2600, 33 L.Ed.2d at 494 ("the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations").

■ Nevertheless, our decisions also contain language clearly indicating that probation cannot be revoked arbitrarily, capriciously, or without any information. Lint v. Bennett, 251 Iowa 1193, 1197, 104 N.W.2d 564, 567 ("arbitrarily, capriciously or without any information"); Curtis v. Bennett, 256 Iowa 1164, 1170, 131 N.W.2d 1, 4 ("arbitrarily"). See also State v. Rath, 258 Iowa 568, 139 N.W.2d 468 (claim of exceeding discretion); 21 Am. Jur.2d Criminal Law § 568 at 536 ("court cannot act arbitrarily, however, or according to whim or caprice"); 24 C.J.S. Criminal Law § 1618(11) at 901 ("this discretionary power should not be exercised arbitrarily or capriciously"). The cited language of our decisions is in accord with the rationale of Morrissey v. Brewer, supra. With these general principles as our frame of reference, we turn to defendant's three points.

■ I. *Form of Order.* Defendant cites no authority supporting his first contention that the trial court should have filed an opinion and conclusions of law. The only provision on this general subject which occurs to us is rule 179, Rules of Civil Procedure. But that rule obviously applies to a trial and not to a hearing of the present kind. We have no statute on the form of revocation orders. One court has held that unless required by statute, a revocation order need not be in any particular form. In re Torres, 86 Cal.App. 2d 178, 194 P.2d 593. We hold that the trial court was not required to render an opinion or conclusions of law.

■ The findings of a court revoking probation must of course show the factual basis for the revocation. See Morrissey v. Brewer, supra. The findings of the trial court in the record here do state the factual basis—defendant's participation in the robbery at the Super Valu store.

■ II. *Conviction of Robbery Essential?* Defendant makes the contention that the trial court should not have permitted the police officer to testify about the robbery at the Super Valu store of which defendant had not been convicted, because defendant could not take the stand without danger of incriminating himself in connection with that robbery.

The State did not seek revocation of probation for *conviction* of a subsequent offense. The probation condition was that defendant would conduct himself in obedience to law. Under that condition, the question was whether defendant had disobeyed the law, not whether he had been convicted. If he had disobeyed the law, the probation condition was violated even if he was never prosecuted for the robbery. The law on this point is simply against defendant. Shaw v. Henderson, 430 F.2d 1116 (5th Cir.); Kirsch v. United States, 173 F.2d 652 (8th Cir.); Gross v. State, 240 Ark. 926, 403 S.W.2d 75; People v. Hicks, 125 Ill.App.2d 48, 259 N.E.2d 846; Kennedy v. Maxwell, 176 Ohio St. 215, 198 N.E.2d 658; Wrone v. Page, 481 P.2d 479 (Okl.Cr.App.); Barker v. Ireland, 238 Or. 1, 392 P.2d 769; Toran v. State, 466 S.W. 2d 320 (Tex.Cr.App.).

■ III. *Admission of Report.* Defendant's last contention is that the parole officer's report should not have been admitted in evidence without the officer present for cross-examination. We need not decide whether such a report may be consid-

ered at a hearing when the maker of the report is not present. See People v. Smith, 12 Cal.App.3d 621, 90 Cal.Rptr. 811; In re Dearo, 96 Cal.App.2d 141, 214 P.2d 585. See also Morrissey v. Brewer, supra. In the present case, the report appears to have been utilized at the hearing as a charge, rather than as proof. It was not offered or received in evidence. The proceedings are clear that the trial court rested the revocation on defendant's participation in the robbery and rested its finding of such participation on the testimony of the police officer.

■ Some of the police officer's testimony about the robbery was hearsay, but his other testimony, from personal knowledge, abundantly established defendant's participation in the robbery. The strict rules of evidence in criminal trials do not apply in revocation hearings. Morrissey v. Brewer, supra; Sellers v. State, 107 Ga. App. 516, 130 S.E.2d 790; Scott v. State, 238 Md. 265, 208 A.2d 575; State v. Morton, 252 N.C. 482, 114 S.E.2d 115; Gonzalez v. State, 456 S.W.2d 53 (Tex.Cr.App.); State ex rel. Johnson v. Cady, 50 Wis.2d 540, 185 N.W.2d 306. But the fact on which revocation is founded may not rest on rumor or surmise. Williams v. State, 162 Ga. 327, 133 S.E. 843; State v. Love, 236 N.C. 344, 72 S.E.2d 737. See Annot. 29 A.L.R.2d 1074, 1107–1113, 1114, 1115–1116, 1117–1118, 1120–1121. It has been held that when hearsay is admitted, revocation does not constitute an abuse of discretion if the fact of the violation is established by evidence which is competent. United States v. Register, 360 F.2d 689 (4th Cir.), cert. den. 385 U.S. 817, 87 S.Ct. 37, 17 L. Ed.2d 55. Such is the situation here.

■ The trial court correctly held that the requisite degree of proof is a preponderance of the evidence. People v. Sax, 71 Ill.App.2d 433, 218 N.E.2d 250; A.B.A. Project on Standards for Criminal Justice, Standards Relating to Probation, § 5.-4(a)(iii). See also Reinmuth v. State, 163 Neb. 724, 80 N.W.2d 874. Grounds for rev-

ocation need not be established beyond a reasonable doubt. United States v. Lauchli, 427 F.2d 258 (7th Cir.), cert. den. 400 U.S. 868, 91 S.Ct. 111, 27 L.Ed.2d 108; Bryant v. State, 89 Ga.App. 891, 81 S.E.2d 556; Phoenix v. State, 162 Neb. 669, 77 N.W.2d 237; Marshall v. Commonwealth, 202 Va. 217, 116 S.E.2d 270. Substantial evidence was introduced here permitting the trial court to make its finding on the basis of a preponderance of the evidence. In fact, defendant's counsel conceded at the hearing that the evidence was sufficient to establish the ground of revocation by that degree of proof ("Okay. If you are saying that the State has proved by a preponderance of the evidence that the defendant, Mr. Hughes, was involved in the armed robbery, I would say yes").

We hold the trial court validly revoked defendant's probation.

The State's motion to dismiss, submitted with the appeal, is overruled.

Affirmed.

All Justices concur except Mc-CORMICK, J., who concurs specially, and MASON and RAWLINGS, JJ., who dissent.

MASON, Justice (dissenting).

I dissent for those reasons stated in the first two paragraphs of Justice Mc-Cormick's special concurring opinion and for the further reason that the minimum requirements of due process set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 2604, 33 L.Ed.2d 484, were not complied with. Those minimum requirements are: "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e)

a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and *(f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. * * *."* (Emphasis supplied).

The following statement appears in division I of the majority's opinion:

"The findings of a court revoking probation must of course show the factual basis for the revocation. See Morrissey v. Brewer, supra. The findings of the trial court in the record here do state the factual basis—defendant's participation in the robbery at the Super Valu store."

Omitting the recitation of the appearance of the parties and their counsel we set out the balance of the court's order:

"The court having reviewed evidence and information offered on such issue, finds as a fact that defendant has violated the terms of his probation and that revocation is recommended by the Bureau of Adult Corrections Services and the office of Polk County Attorney.

"Accordingly, it is ordered that probation granted to the defendant on December 5, 1969 is revoked and defendant shall forthwith serve the sentence of imprisonment passed on him that date."

In my opinion the order not only fails to comply with requirement (f) set out, supra, it also fails to specifically find good cause for not allowing defendant the right to confront and cross-examine witnesses compiling the report referred to in division III of the majority opinion or those witnesses relating what they saw to the police officer witness.

Evidence was received over a timely objection that it was hearsay. That such evidence was subject to such objection cannot be doubted. Yet, the majority says that it has been held when hearsay is admitted revocation does not constitute an abuse of discretion if the fact of violation is established by evidence which is compe-tent. There is no showing in this order that the objectionable evidence was excluded by the court in reaching its conclusion. See Bellew v. Iowa State Highway Commission, 171 N.W.2d 284, 291–293, (Iowa 1969). If the court rejected this hearsay properly challenged by objection from consideration, its order should have so stated.

I would reverse and remand for a hearing conducted in accordance with the requirements of due process.

RAWLINGS, J., joins in the dissent.

McCORMICK, Justice (concurring specially).

Defendant claims the trial court should not have received evidence of the alleged Super Valu robbery unless and until he was convicted of it. In Division II, the majority holds against his contention. However, defendant is in good company in raising this question. The distinguished drafters of Standards Relating to Probation, A.B.A. Project on Standards for Criminal Justice, adopted a standard in point. Standard 5.3 provides:

"A revocation proceeding based solely upon commission of another crime ordinarily should not be initiated prior to disposition of that charge. However, upon a showing of probable cause that another crime has been committed by the probationer, the probation court should have discretionary authority to detain the probationer without bail pending a determination of the new criminal charge."

Two reasons are given for the standard. First is the danger of injustice from easy revocation through abuse of the informality of the proceeding. Second is the obvious chilling effect upon a defendant's assertion of his fundamental constitutional right against self-incrimination. Model Penal Code § 301.3(1)(c) (1962) is in accord.

Postponement of revocation proceedings until disposition of the criminal charge is

preferable procedure because it would minimize the hazard of unfairness in the proceeding. It should be the rule and the procedure used in this case the exception.

Since the A.B.A. standard has not been mandated by constitution, statute or court rule and there is no evidence in this case of abuse of the revocation proceeding, I concur in Divisions I, III and the result.