**IN THE COURT OF APPEALS OF IOWA**

No. 12-1951
Filed March 12, 2014

**SENA NUCARO,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Polk County, Christopher L. McDonald, Judge.

　　　　Sena Nucaro appeals from the dismissal of her application for postconviction relief. **AFFIRMED.**

　　　　Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, John P. Sarcone, County Attorney, and Susan Cox, Assistant County Attorney, for appellee State.

　　　　Considered by Potterfield, P.J., and Doyle and Bower, JJ. McDonald, J., takes no part.

**POTTERFIELD, P.J.**

Sena Nucaro appeals from the dismissal of her application for postconviction relief. She argues she was provided with ineffective assistance of counsel at a probation revocation hearing because her counsel allowed her to stipulate to certain violations involuntarily. We affirm, finding Nucaro's counsel was effective.

## I. Facts and proceedings.

Nucaro pleaded guilty to ongoing criminal conduct in 2006 after committing a series of thefts. Nucaro was placed on probation. In 2007, Nucaro was charged with theft in the second and third degree, pleaded guilty, and a first report of violation of probation was filed. The court found the new charges were violations of her probation, sentenced her to 90 days confinement for contempt and increased the supervision level of her probation. In 2008, Nucaro pleaded guilty to theft in the fifth degree; a second probation violation report was filed. Nucaro's probation was continued. In 2009, a third report of probation violation was filed, which identified Nucaro's failure to comply with mental health treatment, failure to maintain employment, failure to be financially responsible including failure to fulfill financial obligations, failure to obey laws, failure to be truthful with her probation officer, failure to treat others with respect, failure to abide by orders of the court, and the use of alcohol or illegal drugs. Nucaro's probation officer made several recommendations, including that she be held in contempt, incarcerated for 120 days, and placed in a jail treatment program.

The court appointed counsel to represent Nucaro in the probation revocation proceedings. Counsel recommended Nucaro stipulate to several

violations in hopes that the court would be more lenient if Nucaro accepted responsibility for her actions. At the hearing, Nucaro admitted to failing to obtain employment, though she explained to the court that she had recently obtained disability payments for her mental illness. Next, she stipulated to using false names to order items and maintain utilities, though she told the court that despite committing this fraud, the items were paid for. Finally, she admitted to killing a cat, though she explained to the court that the cat attacked her.

Later that day, the court revoked Nucaro's probation and imposed the original sentence. Nucaro filed an application for postconviction relief in 2011. She argued, among other things, that her trial counsel was ineffective in recommending she stipulate to certain violations instead of challenging the report of violation. The postconviction court found trial counsel's recommendation was a reasonable strategy, Nucaro explained her actions to the court in the disposition phase, and Nucaro could not show prejudice resulted from the stipulation. Nucaro appeals.

## II.  Analysis.

Probation revocation is a civil proceeding and not a stage of criminal prosecution. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). Because revocation is not a stage of criminal prosecution, the rules of criminal procedure do not apply and "the proceedings can be informal, even summary." *Calvert v. State*, 310 N.W.2d 185, 187 (Iowa 1981). . . .

Although the procedure can be informal, probation revocation involves a serious loss of liberty and due process must be afforded. *Gagnon*, 411 U.S. at 782; *State v. Hughes*, 200 N.W.2d 559, 562 (Iowa 1972). The trial court does not have to file an opinion or make conclusions of law, but due process requires written findings by the court showing the factual basis for the revocation. *Hughes*, 200 N.W.2d at 562.

*State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994). Nucaro was appointed counsel under Iowa Rule of Criminal Procedure 2.28(1). She was therefore entitled to effective representation. *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). In order to support her ineffective-assistance-of-counsel claim, Nucaro "must ultimately show that [her] attorney's performance fell outside a normal range of competency and that the deficient performance so prejudiced [her] as to give rise to the reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* We review this claim de novo. *Id.*

Nucaro argues her counsel was ineffective in allowing her to stipulate to certain of the violations because her stipulations were not "knowing and voluntary." She argues her counsel should instead have insisted upon a colloquy similar to those required under Iowa Rule of Criminal Procedure 2.8(2)(b)—guilty pleas. We note Nucaro did not raise this specific argument—that there needed to be a heightened inquiry into whether Nucaro made these admissions knowingly and voluntarily—before the postconviction court. To the extent we find this issue was not preserved for our review, Nucaro argues, we should consider it an argument that postconviction counsel was ineffective. *See id.* We apply the same evaluation framework to ineffective-assistance-of-postconviction-counsel claims. *Id.*

We agree with the district court that nothing in this case shows Nucaro's revocation counsel's performance fell outside the normal range of competency. The strategy used in this proceeding was entirely reasonable—admit to the basis, accept responsibility, and argue for leniency. The hearing transcript

showed Nucaro understood she faced a twenty-five year prison sentence if her probation was fully revoked or, hopefully, six months of contempt time. She was allowed to fully address the allegations against her before the court. Although the court ultimately imposed the original sentence rather than contempt time in order to "get a message and tak[e] responsibility for [her] behavior," nothing in this record shows Nucaro entered the stipulation involuntarily or unknowingly.

To the extent Nucaro asks us to change Iowa law and adopt a heightened standard of due process for probation revocation, we decline to do so. Time and again we have noted that probation revocation is not tantamount to a criminal proceeding. *Lillibridge*, 519 N.W.2d at 83. "We are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). Due process was satisfied in this matter, with Nucaro taking advantage of an opportunity to be heard. Nucaro made admissions but also presented her mitigating statements. The representation by Nucaro's revocation counsel did not fall below an objective standard of reasonableness. *See Dunbar*, 515 at 15. Nucaro's ineffective-assistance-of-postconviction-counsel claim is therefore also without merit. *See id.*

**AFFIRMED.**